**Issaac FRETWELL, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 42031.**

Court of Criminal Appeals of Texas.

May 7, 1969.

Rehearing Denied July 9, 1969.

**394**

M. Gabriel Nahas, Jr., Raeburn Norris, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Robert C. Floyd, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The conviction is for sodomy; the punishment, ten years.

The record reflects that appellant offered his fourteen-year-old stepdaughter a choice to commit sodomy or have sexual intercourse with him. She refused to choose, and he forced her to commit an act of sodomy. The prosecutrix testified that on one occasion he choked her with his belt until she stopped resisting his attempt to have sexual intercourse with her; that he forced her to have intercourse with him on five or six occasions; and, that he also forced her to commit acts of sodomy on six or seven other occasions.

In his first ground of error, he contends the trial court erred in permitting the witness Joanne Palladini, a next-door neighbor, to testify about statements made to her by the prosecutrix. According to the prosecutrix, the statement was made on a Sunday about ten minutes after the act of sodomy was committed. Mrs. Palladini and another witness testified that the prosecutrix had a black or bruised eye, a knot or lump on her forehead, was crying and was emotionally upset when she made the statements. She told the women about the sex act that day and about the beating he had given her the day before. It is contended by appellant in his brief that the statement about the beating which occurred on Saturday could not have been res gestae.

The trial court had sufficient evidence to conclude that the entire statement or outcry of the prosecutrix was a spontaneous declaration and was admissible as an exception to the hearsay rule. Statements made by a child shortly after a sex offense are admissible as part of the res gestae. Hudgeons v. State, Tex.Cr.App., 384 S.W.2d 720. The entire statement was admissible even though it referred to the beating the day before.

■ Complaint is made in the second ground of error that the court permitted Mr. Floyd, the assistant district attorney, to inquire repeatedly of appellant's wife on cross-examination about the custody of her other children.

Objections were sustained to several questions. Appellant's counsel had asked the State's witness Jake Adams, the former husband of Mrs. Fretwell, if the children were living with her, and he answered, "I don't know. They are not supposed to be." On redirect, Mr. Floyd (Assistant District Attorney) asked:

"Q. And has the court granted an order, placing custody of these children, the remaining three I am talking about, in custody of someone other than your ex-wife?

"A. Yes, Sir."

No objection was made. The question having been asked and answered without an objection and there being no effort to have the evidence withdrawn from the jury, no reversible error is presented. Watkins v. State, Tex.Cr.App., 411 S.W.2d 364; Meza v. State, 172 Tex.Cr.R. 544, 360 S.W.2d 403; 5 Tex.Jur.2d 61, Sec. 39.

Appellant first went into the matter of custody of the children and adduced substantially the same testimony. He is in no position to complain. Slaton v. State, Tex.Cr.App., 418 S.W.2d 508; 5 Tex.Jur.2d 704, Sec. 446.

■ In the third and final ground of error it is contended that reversible error was made because the trial court permitted Anna Faye Markham, a school counselor, to testify that appellant's wife said she knew that appellant had been intimate with her daughters. This testimony was offered to impeach Mrs. Fretwell who had testified that the prosecutrix, her daughter, had never made an outcry as to anything wrong. Appellant objected to the impeachment testimony on the grounds that it was hearsay. In his brief on appeal he complains that the word "daughters" was used by Anna Markham and this showed a greater latitude in the contradictory statement than the predicate laid.

No such complaint was made during the trial. The specific objection should have been made at the time of the trial to be considered on appeal. Smith v. State, Tex.Cr.App., 437 S.W.2d 835; 5 Tex.Jur. 2d 68, Sec. 41. The third ground of error is overruled.

The judgment is affirmed.