Jimmy Ray HINTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 61555.

Court of Criminal Appeals of Texas, Panel No. 2.

Jan. 27, 1982.

E. Neil Lane, Houston, for appellant.

Carol S. Vance, Dist. Atty. & Alvin M. Titus, & Jack Bodiford, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P.J., and DALLY and W. C. DAVIS, JJ.

## OPINION

DALLY, Justice.

This is an appeal from a conviction for the offense of burglary of a motor vehicle; the punishment, which is enhanced by two prior felony convictions, is imprisonment for life.

The appellant asserts that the trial court erred in admitting in evidence a pair of pliers, in failing to declare a mistrial after evidence of extraneous offenses was brought before the jury, in admitting evidence concerning fingerprint classification, and in overruling his objection to the prosecutor's alleged improper argument.

A brief summary of the evidence will aid in understanding the discussion of appellant's grounds of error. Two pickup trucks were parked about fifty feet apart on an apartment complex parking lot. One truck belonged to the complainant Johnny Woods and the other truck belonged to Jessie Ernest Smith. At approximately 4:00 a. m. Woods heard the sound of a burglar alarm on the truck of his friend Smith. Woods went to Smiths' apartment and they then went to the parking lot where they discovered that their trucks had been burglarized. Entry of the trucks had been made through the ventilation windows. A Citizens' Band radio had been stolen from Woods' truck.

The first police officer who came to the scene to investigate the burglary had resigned from the police force before the time of trial; he was out of the state and did not testify. R.L. Morris was the second officer on the scene. When he arrived to help with the investigation he was handed a pair of pliers by the first officer. Morris then dusted the pliers and portions of the trucks for fingerprints. Two fingerprints of the appellant were found on the window glass of Woods' truck. The pliers handed to Morris and on which he found no fingerprints had the name Jimmy Hinton etched on the handle.

The pliers were admitted in evidence. The appellant argues that their admission was reversible error because Morris did not see the pliers found, he had not marked the pliers, and a chain of custody was not shown. Although Morris did not see the pliers found he had them in his possession at the scene of the investigation and saw the name Jimmy Hinton etched on them. He also testified that after he had "lifted" the fingerprints from the truck and placed them on a card, he recorded on the card the name of Jimmy Hinton as a suspect in the commission of the offenses. The reason he placed Jimmy Hinton's name on the card was because it was the name on the pliers. Later, after classification of the fingerprints they were found to be those of the appellant.

■ The failure to show a chain of custody is not error since Morris testified the pliers offered in evidence were the same pliers he had in his possession at the scene of the burglary and there was no evidence of a change in the condition of the pliers. *Hammett v. State,* 578 S.W.2d 699 (Tex.Cr. App.1979); *Anderson v. State,* 504 S.W.2d 507 (Tex.Cr.App.1974). Although Morris did not see the pliers found, they were handed to him at the scene of the burglary to be dusted for fingerprints by a fellow officer helping conduct the investigation. A hearsay objection properly prevented Officer Morris from testifying as to where he was told the pliers were found. However, in these circumstances the trial judge could quite properly find the pliers were found at the scene of the burglary. There is no showing that the trial judge abused his discretion in admitting the pliers in evidence. See *Walker v. Firestone Tire and Rubber Co.,* 412 F.2d 60 (2nd Cir. 1969). Cf. *R.T. Herrin Petroleum Transport Co. v. Proctor,* 338 S.W.2d 422 (Tex.1960).

The question is whether the pliers were admissible in evidence not whether the inference to be drawn from the finding of the pliers at the scene of the burglary would support the conviction. It is to be remembered that appellant's fingerprints were found on the window glass of the truck where the burglarious entry was made; this in itself is strong evidence to support the conviction.

■ In two grounds of error the appellant complains of evidence concerned with the burglary of Smiths' truck. This evidence is so intertwined and inseparable from the evidence of the burglary of Woods' truck that the evidence about which complaint is made was properly admitted. *Welch v. State,* 543 S.W.2d 378 (Tex.Cr. App.1976); *Johnson v. State,* 510 S.W.2d 944 (Tex.Cr.App.1974); *Craig v. State,* 478 S.W.2d 86 (Tex.Cr.App.1972); *Washington v. State,* 286 S.W.2d 629 (Tex.Cr.App.1956).

■ The appellant objected to questions concerning the classification of appellant's fingerprints and the use of Houston Police Department records in the identification of appellant's fingerprints. The appellant's complaint is that these questions and the testimony amounted to "an allusion to extraneous offenses." The testimony was concerned with the classification of fingerprints "according to the pattern count, ridge count, and ridge tracing" and showed that appellant's fingerprints were on file with the Houston Police Department. The admission of this evidence was proper; it did not necessarily show that appellant had committed extraneous offenses. The particular question, "Did you have an opportunity to examine the records of the Houston Police Department with respect to Jimmy Hinton?" in the context it was asked was not reversible error. This is particularly true where this question was withdrawn from jury consideration.

■ The next complaint concerns the arresting officer's testimony. The officer was asked what he did after arresting the appellant; he testified: "He was taken to the Central Station and marked hold for Narcotics Division." The trial judge instructed the jury not to consider this matter. On cross-examination defense counsel elicited testimony that the appellant was not charged with any narcotics offense. Reversible error is not shown.

■ The remaining contention relates to the argument of the prosecutor that appellant had failed to present witnesses to testify to his good reputation for being a peaceful law-abiding citizen. This argument was not error. Article 37.07(3)(a), V.A.C.C.P.; *O'Bryan v. State,* 591 S.W.2d 464 (Tex.Cr. App.1979).

The judgment is affirmed.