Keith Warren CARRAWAY, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–81–630–CR.

Court of Appeals of Texas, Houston (14th Dist.).

June 24, 1982.

Barbara Baruch, Houston, for appellant.

Timothy Taft, Houston, for appellee.

Before MILLER, MORSE and JAMES, JJ.

MILLER, Justice.

This appeal arises from a conviction for capital murder. The trial court assessed punishment and sentenced appellant to life imprisonment in the Texas Department of Corrections. We affirm.

On September 3, 1980, the dead body of Ms. Sallie Battle was found in her house. An investigation revealed Ms. Battle died as a result of multiple stab wounds by a kitchen knife. The investigation also revealed the house had been broken into and a television, a pistol and some money had been stolen. A single fingerprint was recovered from the house which matched that of appellant. Appellant was arrested and indicted with the offense of intentionally causing the death of Sallie Battle while in the course of committing or attempting to commit burglary of a habitation. There were no eyewitnesses to the offense.

Initially, appellant contends he is entitled to a reversal and acquittal because the State introduced into evidence an exculpatory statement made by him shortly after his arrest, but failed to disprove the same. The State introduced a written confession-statement made by appellant which reads in part:

A week ago this last Monday, while I was over at my grandmother's house I saw Mrs. Johnson walking down the street. Mrs. Johnson is the lady that lives three doors down from my grandmother in the white house. She is the lady that was found dead last Wednesday.

On Tuesday, I went over to my mothers in the evening to eat and see her for awhile. About 12:30 in the morning, I left my mothers and went over to Mrs. Johnson's house. I went to the door. The dogs were barking at me.

When I got inside of the house, I then got her purse and started going through it. She then got a lamp or something and hit me across the back. We were in the living room when this happened. I backed into the kitchen. I got a knife off of the drainboard. She then ran back into the living room. She had turned and was fighting with me and I stabbed her in the chest. After I had stabbed her in the living room, she opened the front door and ran out onto the porch. I chased after her and caught her. When I caught her on the porch, she fought with me some more. While we were fighting on the porch she fell and her teeth fell out.

After I caught her on the porch I brought her back inside the house. She kept on trying to hit me. I kept on slapping her. I had drug her into the back bedroom and we were still fighting. She kept on hitting at me and I kept on stabbing her with the knife that I had picked up in the kitchen. She fell on the floor in the bedroom.

I then went back into the front bedroom and got her purse of the dresser. I went through it and got some money out of a brown envelope that was in the purse. I went through some things in the back bedroom but didn't find any money there. All that I got from her purse was twenty-eight dollars and some food stamps.

Appellant maintains through this confession he admitted to killing a Mrs. Johnson, not Sallie Battle. Therefore, since this confession admitted to the guilt of an offense which exculpated or exonerated the offense charged, appellant argues it was incumbent on the State to disprove the statement. Appellant maintains the State's failure to do so is a ground for acquittal. *Swink v. State,* 617 S.W.2d 203 (Tex.Cr.App.1981); *Glover v. State,* 566 S.W.2d 636 (Tex.Cr. App.1978).

■ Appellant is mistaken in his application of the above law to this fact situation. For a statement to be exculpatory, it must amount to an admission of guilt with an assertion which would exonerate the accused from the crime charged. *Swink v. State, supra; McCarron v. State,* 605 S.W.2d 589 (Tex.Cr.App.1980); *Brown v. State,* 475 S.W.2d 938 (Tex.Cr.App.1971). The statement must admit to doing the acts which would ordinarily constitute the graveman of the offense charged. Then, it must be determined whether the statements alleged to be exculpatory are such as would clear or tend to clear the accused from fault or guilt. *Palafox v. State,* 608 S.W.2d 177, 181 (Tex.Cr.App.1979); *Brown, supra.* Therefore, for an exculpatory statement to exonerate an accused, the statement must admit to acts which would normally constitute the offense alleged in the indictment. *Palafox,* 608 S.W.2d at 182. Since appellant claims he did not make an admission to the murder of Sallie Battle, there was no exculpatory statement to be disproved by the State.

In addition, we believe it is clear the confession introduced by the State was not a statement admitting guilt of a different offense, but was an admission of guilt of the murder for which he was charged. This is further considered below in appellant's second ground of error. As to ground of error one, no error is presented, and it is overruled.

Second, appellant contends the trial court erred in failing to charge the jury on the law of circumstantial evidence because there was no direct evidence he murdered Sallie Battle. Appellant claims his confession did not admit to the murder of Ms. Battle and does not constitute direct evidence. In addition, while the fingerprint found in Ms. Battle's house amounts to direct evidence of appellant's presence, it does not constitute direct evidence of the ultimate fact that he killed her. Therefore, asserts appellant, the trial court erred in not giving a charge on circumstantial evidence. *Hielscher v. State,* 511 S.W.2d 305 (Tex.Cr.App.1974).

■ A charge on circumstantial evidence is not required nor need be given where there is already in evidence an admission or a confession by an accused ad-

mitting to the crime charged. *Hogan v. State,* 496 S.W.2d 594, 599–600 (Tex.Cr.App. 1973); *Corbett v. State,* 493 S.W.2d 940 (Tex.Cr.App.1973). "Even if the confession is equivocal, a circumstantial evidence charge is not necessary if the other evidence, together with the confession, conclusively establishes that the killing confessed is the killing for which the defendant is on trial." *Barefoot v. State,* 596 S.W.2d 875, 880 (Tex.Cr.App.1980); *Ridyolph v. State,* 545 S.W.2d 784 (Tex.Cr.App.1977). Therefore, in order to determine if the circumstantial evidence charge is necessary, the confession must be considered in light of all the other evidence to determine if the proven facts are so closely related to the ultimate fact issue so as to be the equivalent of direct evidence. *Barefoot, supra; Ales v. State,* 587 S.W.2d 686 (Tex.Cr.App.1979).

■ After reviewing the above quoted confession in light of the other evidence, it is clear the name of the victim represents the only discrepancy between the confession and the facts of the case. Evidence established that Ms. Battle, not a Mrs. Johnson, lived in the white house three doors down from appellant's grandmother. Appellant's description of events in his confession of "Mrs. Johnson's murder" matched the scene of the crime as found by the police investigator: the placement of the body, the multiple stab wounds, the missing money and the deceased's dentures found on the front porch. These similarities, when taken with the discovery of appellant's fingerprint at the scene, conclusively established that the killing confessed was in fact the killing for which appellant was tried and convicted. *Barefoot, supra. See: Corbett v. State, supra,* where the court, in dealing with an incomplete confession, found no error in the absence of a charge on circumstantial evidence after considering the confession in light of the evidence. A charge on circumstantial evidence was therefore unnecessary. Appellant's second ground of error is overruled.

■ In grounds of error three and four appellant claims the trial court erred in allowing the introduction of evidence tending to show extraneous offenses. Ground of error three concerns a question by the State and the admission of evidence concerning appellant's criminal record. In attempting to prove the fingerprint found at the scene matched that of appellant, the prosecutor asked the fingerprint examiner:

Q. Did you have an occasion at my request and part of your duties in the latent print lab, to also take a fingerprint from the files of the Houston Police Department concerning Keith Warren Carraway and enlarge it?

Appellant's counsel immediately objected that the mention of the fingerprint on file with the Houston police suggested a criminal record. Counsel's objection was overruled and the fingerprint examiner was allowed to testify on the fingerprint file.

While we agree with appellant that the prosecutor could have proved up the fingerprint identification in a less suggestive manner, we believe the error is harmless when examined in relation to the overwhelming evidence of appellant's guilt and with other damning testimony and evidence that was admitted without any objection. *Doescher v. State,* 578 S.W.2d 385 (Tex.Cr.App.1978); *Harper v. State,* 533 S.W.2d 776 (Tex.Cr.App.1976). In addition, the record reflects the prosecutor was merely tracing the steps of the investigation and attempting to prove up the method of fingerprint identification. The examiner only testified to the similarities between the prints and the jury never saw a record of appellant's prior extraneous offenses. The Court of Criminal Appeals has recently held the admission of such testimony is proper and does not necessarily show commission of extraneous offenses. *Hinton v. State,* 626 S.W.2d 781, 783 (Tex.Cr.App.1982).

Appellant also complains of trial court error in the admission of the confession because, according to appellant, it shows the commission of the murder of Mrs. Johnson, which was an extraneous offense. This argument is untenable. As already referred to above, the evidence at trial clearly demonstrated that appellant confessed to the crime for which he was charged and

convicted. Grounds of error three and four are overruled.

Through grounds of error five and six appellant argues the trial court erred in overruling his timely objections to the prosecutor's arguments on his failure to testify. The first comment occurred during the prosecutor's argument at the close of the guilt/innocence phase of trial:

> . . . All that is left is this miscellaneous change and two dollars in that little purse, two-dollar bills. I want to come back to that, because nobody has has [sic] realized the significance of that bit of testimony, yet. Apparently, Keith Carraway hasn't realized the significance all along, and I'll tell you about it later.

Appellant argues this statement invited the jury to compare the prosecutor's view of the evidence with that of appellant, which drew attention to appellant's failure to testify.

 We do not believe the prosecutor's argument necessarily drew attention to appellant's invocation of his Fifth Amendment rights. The Court of Criminal Appeals has held that to reverse such a comment, "[i]t is not sufficient that the language *might* be construed as an implied or indirect allusion" to an accused's invocation of his right to silence. *Todd v. State,* 598 S.W.2d 286, 294 (Tex.Cr.App.1980); *Griffin v. State,* 554 S.W.2d 688, 689–690 (Tex.Cr. App.1977). To be a reversible comment there must either be an expressed reference or, when viewed from the standpoint of the jury, a necessary implication that the language used by the prosecutor was referring to the accused's failure to testify. *Todd, supra; Pollard v. State,* 552 S.W.2d 475 (Tex.Cr.App.1977). There was no necessary implication present here.

The second comment occurred during the prosecutor's closing argument at the punishment phase of trial. The State argued:

> This insinuation that if the defendant could talk, he would tell us he is still not guilty. Why don't you have a chance to stand up?

The trial court sustained appellant's objection to the remark and instructed the jury to disregard the comment. Appellant's motion for mistrial, however, was denied. Appellant now argues the instruction to disregard was insufficient to cure the error and the trial court should have granted his motion for mistrial.

On its own, this remark appears to be a clearly improper comment on appellant's failure to testify. The Statement of Facts reveals, however, that the comment was made in response to an earlier remark by appellant's counsel and was clearly invited. In his closing argument at the punishment phase, appellant's counsel stated: "[i]f he stood up right now and was asked again: Are you guilty of this crime, he would probably stand up and say, no, I'm not." The prosecution's statement was therefore a response to a comment and was invited by appellant's counsel. *Porter v. State,* 601 S.W.2d 721 (Tex.Cr.App.1980). If there was any error, we believe the instruction to disregard and the admonition of the court to the prosecutor made it harmless. Grounds of error five and six are overruled.

Judgment affirmed.