**Fred ARVAY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–81–00787–CR.**

Court of Appeals of Texas, Dallas.

Feb. 7, 1983.

Discretionary Review Refused May 4, 1983.

Kerry P. Fitzgerald, Dallas, for appellant.

Henry Wade, Dist. Atty., Tom Streeter, Asst. Dist. Atty., for appellee.

Before GUITTARD, C.J., and CARVER and FISH, JJ.

CARVER, Justice.

Fred Arvay appeals his conviction of indecency with a child, a violation of Section 21.11(a)(1) of the Texas Penal Code, for which he received a 5 year probated sentence. We affirm.

■ Arvay's first ground of error is that the trial judge committed reversible error in eliciting from Thomas J. Holbein, Sr., the complainant's father, hearsay testimony made by the complainant, Thomas J. Holbein, Jr. It is argued that the out of court statement made to Holbein, Sr., by his son, that Arvay had been "feeling him up," is inadmissible hearsay. It is well established that a hearsay statement made by a child may be admitted as res gestae, if the trial court finds the usual requirements of res gestae are present such as a spontane-ous utterance made under the immediate influence of an exciting event. *D.L.N. v. State,* 590 S.W.2d 820, 822 (Tex.Civ.App.—Dallas 1979, no writ) (involving deviate sexual intercourse with a child). *See also City of Houston v. Quinones,* 142 Tex. 282, 177 S.W.2d 259, 262–63 (1944); *Bennett v. State,* 382 S.W.2d 930, 931 (Tex.Cr.App. 1964); *Oldham v. State,* 167 Tex.Cr.R. 644, 322 S.W.2d 616, 619 (1959). Holbein, Jr. testified that Arvay's fondling of his genitals had the same effect upon him as if he had "seen a ghost." The trauma of this event, as expressed by Holbein, Jr., supports the trial court's conclusion that he was still suffering from its effects when he informed his father of Arvay's actions less than an hour after they occurred. We hold that the trial court properly exercised its discretion in permitting Holbein, Jr.'s out of court statement to be admitted into evidence as res gestae. *See Fretwell v. State,* 442 S.W.2d 393, 394 (Tex.Cr.App.1969) (statements made by a child after a sex offense are admissible as res gestae); *Hudgeons v. State,* 384 S.W.2d 720, 721 (Tex.Cr. App.1964).

■ Arvay also complains that the evidence provided at trial is both factually and legally insufficient to support the jury's verdict. He contends that under the recent amendment of Article 5, Section 6 of the Texas Constitution, expanding the jurisdiction of the courts of appeals to include criminal matters, the standards of review for testing the factual sufficiency of the evidence to be applied in criminal matters should be the same as is applied in civil matters, *i.e.,* whether "the verdict is so against the great weight and preponderance of the evidence as to be manifestly unjust." *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1952). We cannot agree. In criminal cases the Court of Appeals does not have the same jurisdiction it has in civil cases to remand for a new trial if it determines that the verdict or judgment is contrary to the overwhelming preponderance of the evidence. Its only function is to determine whether, in the light of all the evidence, considered in the light

322

most favorable to the State, a rational jury could have reasonably concluded that the accused was guilty beyond a reasonable doubt. *See Combs v. State,* (En banc), 643 S.W.2d 709, 716 (Tex.Cr.App.1982). This is a question of law rather than one of fact. *Id.* at 716–717. If the evidence is held to be insufficient by this standard, an acquittal must be ordered. *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978). Thus in *Combs* the court observed in a footnote: "We perceive no other standard may be utilized by the Court of Appeals in reviewing criminal convictions other than sufficiency of the evidence to support the conviction." 643 S.W.2d at 716 n. 1. We interpret this observation as denying us any authority to set aside a fact finding in a criminal case on the ground that it is contrary to the overwhelming preponderance of the evidence.

In view of *Combs,* we hold that criminal cases are not within the provision of article 5, section 6, that the decisions of the Courts of Appeals "shall be conclusive on all questions of fact brought before them on appeal or writ of error." This holding is also supported by a legislative interpretation of section 6 in the implementing legislation, article 1820 of the Texas Revised Civil Statutes (Vernon Supp.1982). As amended in 1981, this statute provides: "The judgments of the Courts of Appeals *in civil cases* shall be conclusive in all cases on the facts of the cases." (Emphasis added). Evidently the legislature was careful to limit the fact jurisdiction of the Courts of Appeals to civil cases.

Accordingly, we apply here the recognized standard for reviewing criminal convictions for sufficiency of evidence. Holbein, Jr. testified that Arvay attempted to ingratiate himself with offers of drink and jewelry, that Arvay grasped Holbein Jr.'s hand and asked Holbein Jr. to trust him, and that Arvay "took his hand and grasped [Holbein Jr.'s] testicles." We hold that a rational jury could have believed this testimony and could have rejected Arvay's argument that Holbein Jr. made his complaint maliciously to discredit Arvay after Holbein Jr. had been caught trying to steal a valuable belt buckle. Consequently, we hold that the evidence is sufficient to support the verdict.

Affirmed.