**Kenny Todd MURRAY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–84–183CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 29, 1984.

Wendell Odom, Houston, for appellant.

Calvin Hartmann, Houston, for appellee.

Before JUNELL and SEARS, JJ., and T. GILBERT SHARPE, J., Retired.

OPINION

T. GILBERT SHARPE, Justice, Retired.

Kenny Todd Murray, appellant, was found guilty in a jury trial of aggravated robbery. The court imposed punishment of 75 years confinement, taking into consideration the enhancement paragraph of the indictment, to which appellant had pled true.

In two grounds of error, appellant complains of certain comments made by the prosecutor during closing argument, and of evidence related to alleged extraneous offenses coming before the jury. We find no error in the record and affirm.

On April 21, 1981, a Safeway store located in the vicinity of Bellaire and Gessner streets in Houston was subject to a robbery. A cashier employed by Safeway testified that she was approached at the check-out counter by two black men, one of whom was the appellant. One of the two men instructed her to give him all the money in the cash register. He twice displayed a gun to the cashier in a threatening manner, placing her in fear of her life. After the cashier had surrendered the contents of the register, the two men fled the store.

A security officer employed by Safeway had entered the store while appellant and his co-defendant were still at the cash register. Upon observing the cashier emptying the register, he followed the two suspects out of the store. The officer saw the two suspects enter a car parked on the side of the store. He followed them in his own vehicle out of the parking lot, onto the street. At several points during the pursuit the suspects threatened the officer with a gun by pointing it in his direction. The chase ended when appellant's car became disabled due to a collision with a second police vehicle. The arresting officer recovered a pistol which had been thrown from the car after it became disabled. The pistol was identified by the Safeway security officer as the same one used to threaten him during the earlier pursuit of the two suspects. The appellant and his co-defendant were immediately placed under arrest. Appellant was later tried separately from his co-defendant.

In his first ground of error, appellant contends that the prosecutor erred during jury argument by allegedly commenting upon appellant's failure to testify. The record reflects that defense counsel made the following comments during his argument:

MR. ODOM: (Defense Counsel): Look at what he says in this statement. "She was getting the last bit of money and this dude comes in and starts boogeying toward the Safeway personnel." A two page statement that is perfectly written and then you throw in a little street language here and there to sort of make it look good. This man did not create a single thing in this two page statement. And look at the construction of the sentences. Look how the word is used, like esplanade, and you tell me this man is going to be using those words, and those are words that came out of his mouth. This man signed this statement, and this statement was based upon what I believe the officer already knew. Look at it. Look at the statement. If you are going to convict a man, convict the man on what happened out there; don't convict him on a statement that was made when the man was allegedly not frightened, was never corrected once and uses language that he would never use.

In the State's closing argument the prosecutor argued as follows:

MR. KYLES (Prosecutor): Now, Mr. Odom, I daresay, that you have resorted to some stereotype in order to cast some questions on whether or not this is a valid confession. The defendant is seated before you, apparently a young black male. That is virtually all we know about him, other than the fact that he appears to be healthy, and we allege that at least on this evening he was involved in an aggravated robbery. We don't know anything about his manner of speech, we know that Detective Roberts said that he appeared to be of average intelligence and this is all. We don't know whether or not he resorts to quote unquote gettoese [sic] when he communicates with another person or whether or not he speaks the King's English. We don't know whether he is capable of having written everything that appears in this; and ladies and gentlemen, it would be inappropriate for you to assume, based on the facts and what you see in

this courtroom, that he is incapable of producing a statement of this quality.

A proper jury argument, among others, may be made in answer to the argument of opposing counsel. *Darden v. State*, 629 S.W.2d 46 (Tex.Crim.App.1982). By arguing to the jury that his client's speech patterns and vocabulary were inconsistent with the confession introduced by the state, defense counsel invited the comment to which appellant directs his complaint. *See Porter v. State*, 601 S.W.2d 721 (Tex.Crim.App.1980); *Carraway v. State*, 642 S.W.2d 218 (Tex.App.—Houston [14th Dist.] 1982, no pet). Ground of error number one is overruled.

In his second ground of error, appellant urges that error occurred when certain evidence of alleged extraneous offenses came before the jury. During the trial, a witness for the state testified that certain items of alleged contraband, specifically a syringe and needle, were found in appellant's vehicle after appellant's arrest. Upon objection by defense counsel, the trial court ordered the jury to disregard this testimony. Also, at a later point in the proceedings, defense counsel elicited this same testimony from a subsequent witness. When a defendant offers the same testimony as that objected to, or the same evidence is introduced from another source, without objection, the defendant is not in a position to complain on appeal. *Womble v. State*, 618 S.W.2d 59 (Tex.Crim.App.1981). Additionally, even if appellant had not developed the testimony of which he now complains, the record reflects that the court properly instructed the jury to disregard it. The general rule is applicable that an instruction by the trial judge to the jury to disregard such evidence, as under the circumstances here, will be sufficient to cure any error. *Williams v. State*, 643 S.W.2d 136 (Tex.Crim.App.1982). Appellant's final ground of error is overruled.

The judgment of the trial court is affirmed.