George Frank CARLSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–84–01128–CR.

Court of Appeals of Texas, Dallas.

June 28, 1985.

James K. Johnson and Lawrence B. Mitchell, Dallas, for appellant.

Elizabeth L. Phifer, Asst. Dist. Atty., Dallas, for appellee.

Before AKIN, VANCE and WHITHAM, JJ.

WHITHAM, Justice.

Appellant, George Frank Carlson, appeals his conviction for indecency with a child. We find no merit in any of appellant's four grounds of error. Accordingly, we affirm.

In his first ground of error, appellant contends that the trial court erred in permitting the prosecutor to misstate the law during voir dire. During voir dire the following exchange occurred between prosecutor, defense counsel and trial court:

[PROSECUTOR]: You've got constitutional rights to subpoena witnesses, or you've got the right to subpoena witnesses. If there's somebody down here that this defendant wants to come down and testify for him, he can have anybody down here he wants to.

[DEFENSE COUNSEL]: That's not a correct statement of the law, Judge. I object to it. The defendant doesn't have an absolute right to subpoena any witnesses that he wants to. That's not correct. Object to it.

THE COURT: Overruled.

[PROSECUTOR]: The defendant—

[DEFENSE COUNSEL]: May I have a continuing objection on that line?

THE COURT: All right.

[PROSECUTOR]: A defendant wants somebody down here, he can issue a subpoena, have it served, and have the person brought down here.

■ Appellant argues that the prosecutor's statement was a misstatement of the law, since appellant did not have the absolute right to call anyone he wanted to testify. In particular, appellant insists that he could not have called the four-year-old complainant in this case, whom the trial court had ruled incompetent to testify. Thus, strictly speaking, appellant is correct that the trial court allowed the prosecutor to misstate the law, since the prosecutor's statement was an over-generalization of the law. The question remains, however, whether the prosecutor's misstatement warrants reversal. In *Williams v. State*, 622 S.W.2d 116, 119 (Tex.Crim.App.1981), *cert. denied*, 455 U.S. 1008, 102 S.Ct. 1646, 71 L.Ed.2d 876 (1982), the trial court itself misstated the law to the prospective jurors during voir dire, yet the court of criminal appeals held that the error did not warrant reversal. One ground for the court's holding was that the error did not harm the defendant. *Williams*, 622 S.W.2d at 119. Thus, we conclude that a trial court's error in allowing the prosecutor to misstate the law during voir dire will compel reversal only if the appellant can make a sufficient showing of harm. *See Emanus v. State*, 526 S.W.2d 806, 808–09 (Tex.Crim.App. 1975); *Bedford v. State*, 666 S.W.2d 574, 578 (Tex.App.—Houston [1st Dist.] 1984, pet. ref'd).

In an attempt to show harm, appellant suggests that the prosecutor's misstatement may have prejudiced the jury by leading the jury to believe that appellant could have called the complainant but declined to do so. Appellant says that the prosecutor reinforced this alleged prejudice in jury argument when the prosecutor again asserted that appellant could have subpoenaed anyone he wanted and suggested that appellant's failure to call certain witnesses justified an inference that their testimony would be unfavorable to him. We find appellant's arguments speculative. We do not believe that the jury would have necessarily or even likely construed the prosecutor's statements to be allusions to the fact that appellant did not call the complainant to testify. When in jury argument the prosecutor referred to witnesses appellant did not call, the prosecutor identified those witnesses specifically, and the complainant was not among them. Indeed, the prosecutor suggested during jury argument that the complainant was a "silent victim" who could not "fully communicate." We conclude that appellant has failed to make a sufficient showing of harm. We overrule appellant's first ground of error.

■ In his second ground of error, appellant contends that the evidence is insufficient to establish an element of the offense as charged. The indictment alleged that appellant touched the complainant's genitals with the intent to arouse and gratify his own sexual desire. Appellant argues that the evidence is insufficient to establish this element of the offense. The complainant's mother testified that the complainant told her that appellant had touched complainant on the vagina, rubbed his penis between her legs, asked her "to touch him" (which she did), and asked if "it felt good." The child told her mother this immediately after the child had left appellant's presence that day. While telling her mother of these events, the child looked down and spoke in a voice so low that her mother could barely hear her. We conclude that the child's statements were thus admissible as res gestae of the alleged offense. *Fretwell v. State*, 442 S.W.2d 393, 395 (Tex.Crim.App.1969); *Arvay v. State*, 646 S.W.2d 320, 321 (Tex.App.—Dallas 1983, pet ref'd).

In addition to the child's res gestae statements, there was other evidence of appellant's guilt. The complainant's brother testified that he, the complainant and appellant had been playing in a garage on the day in question and that appellant had picked up the complainant and taken her into the house. Appellant and the complainant remained in the house for a little while and then appellant came back with her into the garage. There was in evidence a part of a written statement from appellant in which appellant admitted that he had intentionally touched appellant's vagina. There was evidence that appellant at-

tempted to flee when the police were about to arrest him.

We conclude, therefore, that there is sufficient evidence that appellant intentionally touched complainant's genitalia. There is also sufficient evidence of surrounding circumstances which yield the inference that appellant touched complainant's genitalia with the intent to arouse and gratify his own sexual desire. *Compare McKenzie v. State*, 617 S.W.2d 211, 213–16 (Tex.Crim. App.1981). We conclude further that the evidence is sufficient in all respects. We overrule appellant's second ground of error.

■ In his third ground of error, appellant contends that the trial court erred in permitting the prosecutor to comment on the appellant's failure to testify. Appellant's complaint stems from the following exchange during the prosecutor's jury argument:

[PROSECUTOR]: You know, I think about the defense counsel admitting in only one portion of the confession. Ask yourself, why didn't he admit the whole rest of the portion of that confession?
[DEFENSE COUNSEL]: Judge, that's not—that's a comment on the defendant's failure to testify, and we object to it.
THE COURT: Objection will be sustained.
[DEFENSE COUNSEL]: We ask that the jury be instructed to disregard his last statement for all purposes.
THE COURT: Jury will disregard the last part of the prosecution argument.
[DEFENSE COUNSEL]: We feel that such instruction is insufficient in law and respectfully move for a mistrial.
THE COURT: Motion will be denied.

A comment on a defendant's failure to testify is, in essence, a remark that implies that the defendant, through the shield of the fifth amendment, was withholding material evidence which only he could supply. *See Barber v. State*, 628 S.W.2d 104, 111 (Tex.App.—San Antonio 1981, pet. ref'd), *cert. denied*, 459 U.S. 874, 103 S.Ct. 164, 74

L.Ed.2d 136 (1982). We conclude that the prosecutor's statements in the present case were not remarks of this kind. The State itself could have produced all of appellant's "confession," or voluntary statement, thus it was not the case that *only* appellant could have supplied the absent evidence. Moreover, the jury was aware that the State could have supplied the remainder of the voluntary statement, because defense counsel, in his jury argument, made a point of the fact that the State had only offered *part* of it. Indeed, the prosecutor apparently made his remarks about appellant's failure to introduce the whole of his voluntary statement as a response to defense counsel's remarks about the prosecution's failure to introduce all of that statement. *Cf. Murray v. State*, 683 S.W.2d 759, 760–61 (Tex.App.—Houston [14th Dist.] 1984, no pet.) (prosecutor's comment on lack of evidence of defendant's speech habits permissible when defense counsel opened up subject), *United States v. Helina*, 549 F.2d 713, 716–19 (9th Cir.1977) (comment on defendant's failure to produce papers not impermissible comment on exercise of fifth amendment rights when defendant had opened up subject of the production of the papers). We conclude that the prosecutor did not comment on appellant's failure to testify. We overrule appellant's third ground of error.

In his fourth ground of error, appellant contends that the trial court erred in refusing to permit the appellant to impeach "the victim's testimony." The victim, or complainant, who was four years old at the time of the alleged offense, did not testify because the trial court found her incompetent to testify. The complainant's mother, however, related in her testimony the *res gestae* declarations the child made shortly after the offense. Appellant sought to impeach these out-of-court declarations by putting on testimony that the complainant's reputation for truth and veracity was bad, as well as testimony that the basis for this reputation was that the complainant had falsely accused a neighborhood boy of sexually molesting her. The trial court

refused to admit this impeachment testimony.

 Res gestae declarations are not ordinarily subject to impeachment, since the law does not regard the res gestae declarant as a witness, but "as merely the passive instrument through which the event itself speaks." *Jones v. State*, 111 Tex. Crim. 172, 11 S.W.2d 798, 799 (1928); *accord: Oldham v. State*, 167 Tex.Crim. 644, 322 S.W.2d 616, 619 (1959), *overruled on other grounds, Ortega v. State*, 500 S.W.2d 816, 818 (Tex.Crim.App.1973); *Couch v. State*, 93 Tex.Cr.R. 27, 245 S.W. 692, 694 (1922) (*dictum*). In *Jones*, however, the court on State's motion for rehearing explained and qualified its holding on impeachment of res gestae declarations as follows:

> Due to our radical departure from the former [strict] application of the [res gestae] rule, there might be presented a case where an alleged res gestae statement was so remotely connected with the main transaction and so immediately connected with the statement offered to impeach it as to make the latter admissible. The law pertaining to this question is so unsettled and so unsatisfactory that we feel unable and unwilling to state a rigid rule. Cases differ so widely in their facts, and in their interpretation that precedents on the subject are of little value. As the facts of each case must determine the admissibility of res gestae statements, so must they determine the admissibility of testimony to impeach same. It is thought that the original opinion states the correct general rule, especially [sic] as it anciently existed, and properly applies it to the present facts. Under the modern trend of authorities, however, there may be presented a state of facts to which it could not be safely applied.

*Jones*, 11 S.W.2d at 802. Thus, in *Jones*, the Court of Criminal Appeals opened the door to impeachment of res gestae utterances in a proper case.

 We conclude, however, that the present case is not such a case. The res gestae declarations are immediately, and not remotely, connected with the main transaction. The offered impeachment testimony is, by contrast, relatively remote. We see no peculiarity in the facts that would take this case out of the general rule. We conclude, therefore, that the trial court acted correctly in excluding appellant's proferred impeachment testimony. We overrule appellant's fourth ground of error.

Affirmed.

VANCE, J., dissenting without opinion.