THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RHONDA JOHNSON, Defendant-Appellant.

Fourth District    No. 4—93—1032

Opinion filed April 27, 1995.

Daniel D. Yuhas and Elizabeth D. Caddick, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Norbert J. Goetten, Robert J. Biderman, and Elliott Turpin, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

Defendant Rhonda Johnson was convicted by a jury of reckless conduct. (720 ILCS 5/12—5 (West 1992).) The trial court sentenced her to 364 days in jail. She now appeals her conviction, raising one issue. We affirm.

We relate only those facts necessary for disposition of this appeal. At trial, a police officer was permitted to testify that he found the victim rolling on the ground and screaming. The victim indicated that she had been shot in the leg by Johnson. This hearsay testimony was allowed under the "excited utterance" or "spontaneous declaration" exception to the hearsay rule. The victim did not testify at trial, but Johnson attempted to impeach the nontestifying victim by introduction of her prior convictions for a 1986 misdemeanor conviction of resisting-obstructing a peace officer, a 1988 felony conviction of aggravated battery of a Department of Children and Family Services worker, and a 1991 misdemeanor conviction of battery. The trial court refused to allow the impeachment, and Johnson claims this refusal was error. Thus, we are asked to decide whether the nontestifying declarant of an excited utterance may be impeached by her prior convictions.

■ A witness' credibility may be impeached by a prior conviction if (1) the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted; or (2) the crime involved dishonesty or false statement regardless of the punishment; unless (3) in either case, the judge determines that the probative value of the evidence of the crime is substantially outweighed by the danger of unfair prejudice. (*People v. Montgomery* (1971), 47 Ill. 2d 510, 516, 268 N.E.2d 695, 698.) Johnson asserts a

hearsay declarant is a witness subject to impeachment under *Montgomery*.

■ ■ This appears to be a case of first impression for Illinois courts, because we have not found a case discussing this issue. We do not consider a declarant of an excited utterance to be a witness capable of impeachment by a prior conviction. Impeachment by a prior conviction questions the veracity of the witness; however, the veracity of a excited utterance does not depend upon the declarant. An out-of-court statement will be admitted under the excited utterance exception to the hearsay rule if it meets three criteria: (1) the occurrence of an event or condition sufficiently startling to produce a *spontaneous* and *unreflecting* statement; (2) *absence of time to fabricate*; and (3) a statement relating to the circumstances of the occurrence. (*People v. Smith* (1992), 152 Ill. 2d 229, 258, 604 N.E.2d 858, 870.) The reason these statements are admitted is that the declarant is speaking "spontaneously," without the opportunity to fabricate a lie. As noted by the supreme court, excited utterances are admissible as exceptions to the hearsay rule because statements prompted by shocking or startling events have a reduced probability of fabrication and are "particularly trustworthy" since they are a product of sense and not thoughtful, self-interested reflection. (*People v. Poland* (1961), 22 Ill. 2d 175, 180-81, 174 N.E.2d 804, 807; *People v. M.S.* (1993), 247 Ill. App. 3d 1074, 1089, 618 N.E.2d 623, 633.) Or, stated in another manner:

> " 'Since this utterance is made under the immediate and uncontrolled domination of the senses, rather than reason and reflection, and during the brief period when consideration of self-interest could not have been fully brought to bear, the utterance may be taken as expressing the real belief of the speaker as to the facts just observed by him.' " (*People v. Damen* (1963), 28 Ill. 2d 464, 471, 193 N.E.2d 25, 29, quoting *Keefe v. State* (1937), 50 Ariz. 293, 298, 72 P.2d 425, 427.)

An excited utterance rests upon the circumstances under which it was uttered, not upon the reliability of the declarant. (*People v. Wright* (1992), 234 Ill. App. 3d 880, 892, 601 N.E.2d 817, 826.) Indeed, the declarant need not be competent as a witness. (*People v. Merideth* (1987), 152 Ill. App. 3d 304, 312, 503 N.E.2d 1132, 1139; *People v. Harris* (1985), 134 Ill. App. 3d 705, 711, 480 N.E.2d 1189, 1194.) An excited utterance may be characterized as an event speaking through the declarant and not the person speaking about the event. (*Williams v. State* (Tenn. Crim. App. 1976), 542 S.W.2d 827, 833; *Carlson v. State* (Tex. Ct. App. 1985), 695 S.W.2d 695, 699.) Since the declarant's credibility is immaterial to the veracity of an excited utterance, the

declarant's prior criminal convictions are also irrelevant to the veracity of an excited utterance. Accordingly, we hold that a nontestifying declarant of an excited utterance may not be impeached by a prior conviction.

We are aware that other jurisdictions allow the impeachment of an excited utterance declarant. (See Fed. R. Evid. 806; *State v. Henderson* (La. 1978), 362 So. 2d 1358, 1363; but see *Williams*, 542 S.W.2d at 833; *Carlson*, 695 S.W.2d at 699.) Although Federal courts allow impeachment by prior convictions in cases such as this because it is authorized by Rule 806 of the Federal Rules of Evidence, the advisory committee notes to Federal Rule 803(2) support our holding:

> "The theory of [excited utterances] is simply that circumstances may produce a condition of excitement which *temporarily stills the capacity of reflection and produces utterances free of conscious fabrication.*" (Emphasis added.) Fed. R. Evid. 803(2), 28 U.S.C., Notes of Advisory Committee on Proposed Rules, at 778 (1988).

We point out that our holding is very narrow because it applies only to impeachment of a nontestifying excited utterance declarant by prior conviction. For example, an excited utterance may be impeached by other means, such as the nontestifying declarant's subsequent inconsistent statement. (*People v. Smith* (1984), 127 Ill. App. 3d 622, 630, 469 N.E.2d 634, 641.) Parties must be given latitude to controvert an excited utterance, particularly since the exception has been criticized on the ground that excitement impairs accuracy of observation as well as eliminating conscious fabrication. See Fed. R. Evid. 803, 28 U.S.C., Notes of Advisory Committee on Proposed Rules, at 778 (1988).

As a result of our holding, we need not determine whether the victim's prior convictions are admissible under the *Montgomery* rule. The judgment of the trial court is affirmed.

Affirmed.

KNECHT, P.J., and COOK, J., concur.