**Eugenio RODRIGUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–82–0049–Cr.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 16, 1982.

Wendell Odom, Jr., Houston, for appellant.

Ray Elvin Speece, Houston, for appellee.

Before PRICE, WARREN and DOYLE, JJ.

## OPINION

PRICE, Justice.

The appellant appeals his conviction for aggravated kidnapping with the intent to commit rape. The jury assessed punishment at 45 years imprisonment.

In three grounds of error the appellant complains of (1) the sufficiency of the evidence to sustain a conviction, (2) the admissibility of the extraneous offenses and (3) the harmful effect of certain statements

made by the prosecutor during final argument at the punishment stage. We affirm the judgment.

The prosecutrix, an eleven year old girl named Shannon, testified that on February 10, 1981, she saw the appellant at the apartment complex where she lived. The appellant approached Shannon, offered to give her some money and dragged her into a vacant apartment. Shannon could only remember the appellant sitting on her legs and being on top of her, choking her. After that, she lost consciousness.

The record reflects that Ron Schansema and Jimmy Edwards heard muffled noises coming from the vacant apartment. Upon entering that apartment, they observed the appellant with his knees on Shannon's chest, strangling her and sticking an object resembling a pair of scissors or a knife down her throat. The appellant jumped up off of the girl and threatened to kill her if the men did not let him go, and then ran outside.

As part of its case in chief, the State offered the testimony of three young boys that the appellant, on previous occasions, had forced them into vacant apartments to have sex with him.

After the State rested its case, the appellant presented a motion for instructed verdict. This motion was overruled by the trial court. The appellant then, in an effort to establish a claim of insanity, introduced the testimony of his psychiatrist, Dr. Bok, who testified that appellant frequently had fantasies of having sex with small children.

■ By his first ground of error, the appellant challenges the sufficiency of the evidence to sustain the conviction. In considering this challenge, we are obligated to review all of the evidence presented by both sides, regardless of the fact that a motion for instructed verdict was made at the close of the State's case. *Shirley v. State,* 501 S.W.2d 635 (Tex.Cr.App.1973). We likewise must view this evidence in the light most favorable to the jury's verdict. *Ahearn v. State,* 588 S.W.2d 327 (Tex.Cr.App.1979).

■ In pursuing his sufficiency claim, the appellant contends that there is no evidence of the complainant being taken without her consent into the apartment in question. We disagree. The prosecutrix testified that when the appellant grabbed her by the arm she experienced pain that caused her to scream and to begin crying. He then dragged her into the apartment and started choking her before she fell unconscious. When help arrived, the appellant threatened to kill her.

Next, the appellant contends that there was no evidence of his intent to facilitate the commission of the felony of rape of a child. The State, in its effort to establish the intent of the appellant, offered the testimony of three young boys who were sexually assaulted by the appellant at or near the time of his assault upon the complainant. The appellant's state of mind is further manifested through the testimony of Dr. Bok. He discussed the appellant's admissions of a long and repeated history of illicit sexual activity and continuing sexual fantasies with young females, and how young boys were secondarily attractive to the him as sexual objects.

This circumstantial evidence, corroborated by the direct testimony of the complainant, Schansema and Edwards concerning the attack in the instant case was sufficient for the jury to conclude that the appellant's intent was to have sexual intercourse with the complainant. The first ground of error is overruled.

The second ground of error alleges that the trial court erred in allowing into evidence, as part of the State's case in chief, testimony of the extraneous offenses committed on the three young boys. While this evidence was timely objected to by the appellant, the trial court allowed its admissibility under the theory of the State's right to prove identity, motive and intent.

In developing this evidence, the State established that each extraneous offense occurred contemporaneous in time with the instant offense and that each of the young boys was taken by the appellant to a vacant apartment to satisfy his desire to have devi-

ate sexual intercourse. Two of the boys testified that they were choked, and threatened with having their throat cut if they did not cooperate. The third boy testified that the appellant threatened his life in order to force him to cooperate.

In arguing against the admissibility of the extraneous offenses, the appellant contends that identity never developed into a contested issue, while the issues of motive and intent were never sufficiently raised by the appellant to permit the State to offer the questioned testimony at the early stage. Appellant further argues that the characteristics of the extraneous offenses are so dissimilar in nature, from those of the present case, that they could never be admissible to establish a contested issue, if one existed.

■ Evidence of other crimes committed by an accused may be admitted where such evidence is shown to be both material and relevant to a contested issue in the case. The probative value of such evidence must outweigh its inflammatory aspects. *Jones v. State,* 481 S.W.2d 900 (Tex.Cr.App.1972).

■ We agree with appellant that the issue of identity was not sufficiently challenged to permit the State to offer the testimony of the extraneous offenses. However, the admission of other offenses is justified to prove scienter, where intent or guilty knowledge is an essential element of the State's case and cannot be inferred from the act itself. *Albrecht v. State,* 486 S.W.2d 97 (Tex.Cr.App.1972). In the present case, the act of rape was not completed and the appellant's intent to do the act could not be conclusively presumed from the circumstances surrounding the assault upon the complainant. Consequently, proof of similar acts of misconduct committed by the appellant are admissible in the case in chief to establish his intent and state of mind at the time he was interrupted during his assault on this complainant. For factual examples demonstrating this principle, see *Ortega v. State,* 626 S.W.2d 746 (Tex.Cr. App.1981); *Caldwell v. State,* 477 S.W.2d 877 (Tex.Cr.App.1972).

■ We next consider appellant's argument that there are not sufficient distinguishing characteristics common to both the extraneous offenses and the primary offense to justify the admissibility of the testimony of the three young boys. He bases his argument primarily on the fact that the extraneous offenses involve young boys, whereas the primary offense involves a young girl. We reject this argument and hold that the distinguishing characteristics between the other offenses and the primary offense are sufficiently common in nature to allow the admission of the testimony of the three boys on the issue of appellant's state of mind. All of the offenses occurred contemporaneous in time with each other. The witnesses were all approximately the same age, found around an apartment complex, and taken to a vacant apartment to be sexually assaulted. All witnesses were threatened by the appellant to compel their cooperation and, with one exception, all were choked and threatened with a sharp object.

We overrule appellant's second ground of error.

In his third ground of error, the appellant claims that the statements of the prosecutor in his final argument during the punishment stage, in regard to the extraneous offenses, constituted reversible error.

The record reflects that during the punishment hearing, the prosecution proved six prior convictions for sex crimes committed by the appellant on children. During his final argument, the prosecutor referred to these six convictions. He then mentioned that he brought to the jury evidence of four more such crimes and that these should be considered in assessing appellant's punishment. The appellant objected to this statement because it improperly asked the jury to consider the extraneous offenses in assessing punishment. The trial court sustained the objection and instructed the jury to disregard the statement. The appellant's motion for mistrial was overruled.

■ An instruction to disregard will cure error except in extreme cases where it ap-

pears that an argument is clearly calculated to inflame the minds of the jurors and is of such character as to suggest the impossibility of withdrawing the impression produced on the juror's minds.

■ The evidence concerning the extraneous offenses was properly before the jury; however, the jury was never instructed on its applicability for punishment consideration. While the prosecutor's remarks were improper, the court's instruction cured any harm created by those remarks and further informed the jury on how they were to consider the evidence of the extraneous offenses during their deliberation on punishment.

The third ground of error is overruled.

The judgment is affirmed.