**Charles Lee RIGSBY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–82–048CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

March 24, 1983.

John Fryer, Houston, for appellant.
Timothy Taft, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

SEARS, Justice.

Appellant was convicted of aggravated robbery by a jury and, upon finding the two-count enhancement true, punishment was assessed at life imprisonment in the Texas Department of Corrections. We affirm.

Appellant's first ground of error contends that the trial court erred in denying appellant's motion for production, thereby not allowing appellant to review exculpatory evidence the State had in its possession. We disagree. Appellant filed a motion for production requiring the State to produce the following:

(1) Copy of the arresting officer's report;

(2) Copy of complainant's report of his vehicle being stolen, to include the description he gave to the police of the person who allegedly stole his vehicle;

(3) Copy of the inventory as made by the arresting officers;

(4) Copy of complainant's statement as made to the Houston Police concerning a weapon allegedly found by the complainant under the seat of his vehicle after it was impounded by the Houston Police Department;

(5) Copy of inventory as made by the Houston Police Department upon receipt of the weapon turned into the police.

■ The motion for production did not state any reason for the request, nor did it show specifically what items were expected to be included in the foregoing that were of an exculpatory nature. A pre-trial hearing was held by the court on appellant's motion for production, and appellant again failed to show why he had any constitutional right to the production of the above, and/or what exculpatory evidence, if any, could be found therein. Appellant has no constitutional right to inspect the State's entire file. *United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). Further, there is no constitutional obligation of the trial court to peruse the prosecutor's file for any exculpatory evidence absent a specific request supported by some showing that such evidence exists. *Ransonette v. State,* 550 S.W.2d 36 (Tex.Cr.App.1976). There are many other grounds upon which the trial court ruling would be upheld; however, in the instant case, the requested reports, files, inventories and statements are not contained in the record on appeal. Appellant has made no effort to preserve them for review, and appellant has made no objections to the record. Therefore, appellant presents nothing for review by this court, and has waived any possible error by failing to include those items in the record. *Villarreal v. State,* 576 S.W.2d 51 (Tex.Cr.App. 1978).

■ Appellant's second ground of error is that the trial court, in denying appellant's motion to suppress, allowed the introduction of evidence seized pursuant to an illegal, warrantless search and seizure, not based on probable cause. Appellant's ground of error is not specific enough to comply with Tex.Code Crim.Pro.Ann. art. 40.09, § 9 (Vernon Supp.1982–1983). Appellant has failed to direct this court to any items seized and introduced into evidence, and fails to direct this court to a page in the record wherein the error can be found. Therefore, appellant presents nothing for review. *Cook v. State,* 611 S.W.2d 83 (Tex. Cr.App.1981). *See also Cherry v. State,* 488 S.W.2d 744 (Tex.Cr.App.1972), *cert. denied,* 411 U.S. 909, 93 S.Ct. 1538, 36 L.Ed.2d 199 (1973). This ground of error is, therefore, overruled. This Court has, however, looked into the stop, arrest, search and seizure of the appellant herein and finds that the same was based on probable cause.

■ Appellant's third ground of error argues that the trial court committed reversible error in denying appellant's motion to dismiss all of the charges of the indictment, due to the State's failure to prove that complainant was the owner of the vehicle allegedly stolen. This ground of error is totally devoid of merit.

A review of the record reveals that complainant, Rory Aaronson, owned a 1977 Corvette Stingray automobile, and advertised said automobile for sale in a local newspaper. Appellant called complainant and asked to see the vehicle and to take it for a test drive. While driving the vehicle under the pretext of being a prospective buyer, appellant forced complainant out of the vehicle at gunpoint, and took the vehicle without the consent of the owner, the complainant herein. Appellant was stopped several months later by the Houston Police Department for having an expired inspection sticker on the vehicle and for having a loose license plate. The police at that time discovered appellant had a forged Louisiana driver's license under a name other than his own; that the license plate on the Corvette was issued to a vehicle other than the Cor-

vette; and that the Corvette was, in fact, a stolen vehicle. Appellant was arrested, the vehicle was searched, and police recovered from the vehicle pictures of the complainant standing by the Corvette. A few days later, the complainant went to the storage yard to pick up his vehicle. He noticed several articles in the vehicle that were not his, including a pistol under the front seat. The complainant immediately contacted a Mr. York, owner of the storage yard, who took the pistol from the vehicle and gave it to the Houston Police Department. The Houston Police Department conducted a routine check on the gun and discovered that the pistol was recently purchased from a local gun dealer. The check further revealed that the purchaser used the same alias found on appellant's forged driver's license and, in fact, that the purchaser used the same forged Louisiana driver's license as identification at the time of purchase.

At trial, the complainant, on direct examination, testified that he owned the Corvette, gave the date of purchase and the purchase price, and gave the license plate number and the vehicle identification number of the Corvette. Further, Mr. York, the owner of the storage yard, testified that the complainant picked up said Corvette after first presenting proper papers of ownership to the said Mr. York. Appellant, on cross-examination, asked the complainant: (1) how long he had owned the vehicle; (2) why he kept his vehicle at his mother's house; (3) why he did not buy insurance for his Corvette; (4) the date of purchase and the purchase price; and (5) when he had his Corvette inspected. We find no basis for appellant's claim that the State failed to prove that the complainant was the owner of the stolen Corvette. In fact, we find that the appellant himself proved this point by his own cross-examination of the complainant. Accordingly, appellant's third ground of error is overruled.

■ Appellant's fourth ground of error alleges that the trial court erred in denying appellant's written request for charges to the jury, numbers four and five, as shown below:

1) Explanation of reasonable doubt.
2) Defendant is entitled to all favorable inferences from evidence, and if conflicting inferences may be drawn from same facts, jury must draw inference consistent with innocence.

Appellant's requested jury charge number four does not contain an explanation that the court denied, and further, appellant is not entitled to any jury charge explaining or defining reasonable doubt. *Hankins v. State,* 646 S.W.2d 191 (Tex.Cr.App.1983).

■ Appellant's requested jury charge number five is not a standard charge with which this court is familiar, and appellant is not entitled to such a charge. If appellant was attempting to draft a charge on circumstantial evidence, he certainly is not entitled to one because appellant was convicted on direct evidence. Even if appellant was convicted on circumstantial evidence, he would not be entitled to a charge on same. *See Hankins v. State,* supra. Appellant's fourth ground of error is overruled.

■ Appellant's final ground of error alleges that the trial court erred in failing to grant a new trial based on the State's improper argument. The argument, however, is not presented to this court on appeal, and error, if any, is waived. *Beck v. State,* 573 S.W.2d 786 (Tex.Cr.App.1978). In *Mathews v. State,* 635 S.W.2d 532 (Tex.Cr.App.1982), the court discusses methods of preserving error, which include:

(1) Transcripts of notes of the entire argument, or
(2) A bill of exceptions, including the entire argument, or
(3) An informal bill of exceptions including the entire argument.

In the instant case, appellant's counsel argued this ground of error in the motion for new trial and recited into the record at that time his recollection of some of the improper argument allegedly made by the District Attorney in his closing argument. This is wholly insufficient to preserve error. Tex.Code Crim.Pro.Ann. art. 40.09 § 9 (Ver-

non Supp.1982–1983). Accordingly, appellant's final ground of error is overruled.

The judgment is affirmed.