**Robert ZANI, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–82–055–CR.**

Court of Appeals of Texas,
Texarkana.

Sept. 25, 1984.

---

Roy Greenwood, Austin, for appellant.

Ronald Earle, Andrew Forsythe, Austin, for appellee.

HUTCHINSON, Justice.

Robert Zani appeals his 1981 murder conviction and ninety-nine year sentence. He was convicted of the 1967 murder of George Vizard, a convenience store clerk. Zani raises numerous grounds of error, including the sufficiency of the evidence and the admissibility of evidence obtained through hypnosis. We disagree with Zani on all grounds and affirm the judgment.

The trial court granted the State's challenge for cause of two veniremen. During voir dire one venireman stated that in a circumstantial evidence case he would not and could not separate the guilt-innocence phase from the punishment phase and that the defendant's guilt or innocence would depend, to a certain extent, on the punishment available. A venireman is subject to challenge for cause by the State when he has a bias or prejudice against any phase of the law on which the State is entitled to rely for conviction or punishment. *Weaver v. State*, 476 S.W.2d 326 (Tex.Cr.App.1972); Tex.Code Crim.Proc. Ann. art. 35.16(b)(3) (Vernon 1966). While the venireman did state that the facts would determine punishment, he was not rehabilitated to the extent that he would follow the law as the trial court instructed. The venireman was properly excused.

Zani claims a second venireman was not absolutely disqualified. During voir dire this venireman indicated she would not consider evidence obtained through the use of hypnosis because she believed hypnosis in general was inherently untrustworthy and of poor credibility. Tex.Code Crim.Proc.Ann. art. 35.16(a)(9) (Vernon Supp.1984) provides that either party may challenge a venireman for cause if he has a bias or prejudice for or against the defendant. An inability to be fair and impartial to the State is an expression of bias for the defendant. *Ransom v. State*, 630 S.W.2d 904 (Tex.App.—Amarillo 1982, no pet.); *see also, McCary v. State*, 477 S.W.2d 624 (Tex.Cr.App.1972). The trial court has discretion to determine if bias or prejudice actually exists to such a degree that the prospective juror is disqualified and should be excused from jury service. *Anderson v. State*, 633 S.W.2d 851 (Tex.Cr. App.1982). The venireman was properly disqualified under Article 35.16(a)(9).

Zani contends he was denied due process because the trial court refused to conduct a full pretrial evidentiary hearing on the admissibility of Jerry Magonye, Jr.'s post-hypnotic testimony. At a hearing on Zani's motion to suppress, the trial court heard the State's evidence which included testimony from the expert who observed the hypnotic session, the hypnotist who conducted it, Jerry Magonye, Jr., and a recording of the session. The court refused to suppress the post-hypnotic testimony and refused to permit Zani to present his expert witness to question the accuracy of hypnotic testimony in general. The court need not hold an evidentiary hearing, but may determine the merits of a motion to suppress evidence on the motion itself, opposing affidavits, or oral testimony. *Bosley v. State*, 414 S.W.2d 468 (Tex.Cr.App. 1967); Tex.Code Crim.Proc.Ann. art. 28.01, § 1(6) (Vernon Supp.1984). The opponent of the testimony may not attempt to prove the general unreliability of hypnosis, but may challenge the unreliability of the procedures used at the hypnotic session by introducing expert testimony at trial. *State v. Hurd*, 86 N.J. 525, 432 A.2d 86

(1981). The trial court had adequate evidence upon which to base its decision. *See Nickerson v. State*, 645 S.W.2d 888 (Tex. App.—Dallas), *aff'd*, 660 S.W.2d 825 (Tex. Cr.App.1983). We find no abuse of discretion and no error.

Zani asserts that he was denied discovery of a written statement and tape recording of Robert Riggs, as well as other evidence material, relevant, and favorable to him. A defendant has no constitutional right to inspect the State's entire file without specifically showing why it is exculpatory, *Rigsby v. State*, 654 S.W.2d 737 (Tex. App.-Houston [14th Dist.] 1983, no pet.), and he may discover only that which the trial court determines is material to the defense. Constitutional error is committed only if, after reviewing the entire record, the omitted evidence creates a reasonable doubt that did not otherwise exist. *Quinones v. State*, 592 S.W.2d 933 (Tex.Cr. App.), *cert. denied*, 449 U.S. 893, 101 S.Ct. 256, 66 L.Ed.2d 121 (1980). The trial court ordered the State to produce all exculpatory evidence to Zani and to produce its entire file for an in camera review. On our review of the tape recording and sealed files, we find that they did not contain any inculpatory or exculpatory evidence not already discovered by Zani. The trial court did not abuse its discretion in denying this discovery.

Zani complains his federal and state constitutional rights were violated because the trial court refused to permit him to represent himself at trial. Zani originally requested and was represented by appointed counsel, but represented himself at a venue hearing. During that hearing the trial court removed Zani from this role and ordered appointed counsel to resume full representation. A defendant has the constitutional right of self-representation; *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); U.S. Const. amends. VI and XIV; Tex. Const. art. I, § 10; however, the record must establish that the defendant is aware of the consequences of what he is doing and that

his choice is intelligently made. *Geeslin v. State*, 600 S.W.2d 309 (Tex.Cr.App.1980). This right of self-representation may not be used to interfere with the orderly procedure and administration of justice. *Lyles v. State*, 582 S.W.2d 138 (Tex.Cr.App.1979). The record shows Zani did not know how to proceed at the venue hearing and was unable to competently represent himself; therefore, he was not fully aware of the consequences of self-representation and this choice was not intelligently made. Further, self-representation would have caused undue disruption and delay in the trial. In light of the record as a whole, we see no violation of the intent and language of *Faretta v. California*, supra.

■ The trial court denied Zani's motion for the appointment of a fingerprint expert and refused to hear testimony in support of the motion. At the time the motion was filed Zani had not incurred expenses for a fingerprint expert's assistance. Tex.Code Crim.Proc.Ann. art. 26.05 (Vernon Supp.1984) entitles counsel to reimbursement of investigation expenses only after they are incurred, and even then reimbursement is discretionary with the court. Refusal to pay expenses before they are incurred is not an abuse of discretion. *Wallace v. State*, 618 S.W.2d 67 (Tex. Cr.App.1981); *Myre v. State*, 545 S.W.2d 820 (Tex.Cr.App.1977). The defendant must show from the record any harm resulting from the court's refusal to furnish those funds. *See Reed v. State*, 644 S.W.2d 479 (Tex.Cr.App.1983); *Quin v. State*, 608 S.W.2d 937 (Tex.Cr.App.1980); *Brasfield v. State*, 600 S.W.2d 288 (Tex.Cr. App.1980). The pleadings and motion do not demonstrate any harm. The trial court did not abuse its discretion.

■ Zani argues that the evidence is insufficient to link him to the commission of the offense. In a circumstantial evidence case such as this, we review all of the evidence in the light most favorable to the jury verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Whether every reasonable hypothesis, other than the defendant's guilt, has been excluded is one criteria which may be applied. Each fact need not point directly and independently to the guilt of the accused: the cumulative effect of all of the incriminating facts may be sufficient to support the evidence. *Carlsen v. State*, 654 S.W.2d 444 (Tex.Cr.App. 1983).

■ The evidence produced at trial includes the following. George Vizard was shot Sunday morning, July 23, 1967, while working as an attendant at a convenience store in Austin, Texas. Vizard's store manager saw him shortly before 7:00 A.M., July 23. At the store that morning, someone other than Vizard waited on some customers, and other customers left on finding no one on duty. At approximately 8:00 A.M. a customer discovered Vizard's body.

Zani lived in Austin at the time of Vizard's death. He worked at the store until five to six weeks before the murder and knew the floor safe combination, routine of the store, and amount of cash generally available on Sunday mornings. Prior to the murder Zani purchased a handgun which the State's ballistics expert witness believed could have been the murder weapon. The handgun's caliber and general barrel configurations matched those of the murder weapon. Additionally, these matching general barrel configurations were relatively rare and new in handguns used and manufactured in 1967. The ballistics expert could not positively state that the handgun was the murder weapon because of the leaded condition of its barrel.

Shortly after the murder Jerry Magonye, Jr. and Jerry Magonye, Sr. reported to police officers that on the date of the offense someone other than Vizard waited on them and described a person similar to Zani as the one helping them. In 1980, Magonye, Jr. and Magonye, Sr. were placed under hypnosis to refresh their memories of the day of the murder. Magonye, Jr. testified that he saw Zani in the store behind the cash register between 7:00 and 8:00 A.M. on July 23rd. Prior to hypnosis Magonye, Sr. tentatively identified Zani from

a picture line-up, and, in a tape recording of his hypnotic session, said he saw a man resembling Zani inside the store waiting on customers. Zani's fingerprints were on three items, including a loaf of bread, found on the store counter the morning of the murder. Bread was delivered on a daily basis, precluding the possibility the prints were left there the previous night. Further, the store manager cleared the counter at closing time the night before. Although the store safe was not broken into, there is evidence that a theft occurred. Zani knew the combination to the safe and needed money.

In reviewing the evidence in light of the presumption of the defendant's innocence, we find that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. The evidence is sufficient to link Zani to the commission of the offense and to support the conviction.

▮▮▮ Zani claims that Jerry Magonye, Jr.'s in court identification of him was inadmissible because (1) post-hypnotic testimony is scientifically unreliable, (2) Magonye, Jr.'s memory was suggestively induced by hypnosis, (3) the State's hypnosis experts were unqualified, and (4) the experts' procedures were insufficient to safeguard the reliability of his refreshed or recalled memory. Post-hypnotic identification testimony by a nondefendant witness is admissible when the totality of the circumstances surrounding the hypnotic session shows that the session was not so impermissibly suggestive to give rise to a substantial likelihood of an unreliable or incorrect identification. *Vester v. State,* No. 7–81–0206–CR (Tex.App.-Amarillo, Aug. 5, 1983, pet. granted) (not yet reported). Magonye, Jr. originally told police officers that someone other than the deceased waited on him on July 23rd and his description of that person was generally consistent with Zani's features. Magonye, Jr. saw no photographs of Zani prior to the hypnotic session and was unaware that Zani was a suspect.[1] In the limited scope

of post-hypnotic identification testimony by a nondefendant witness, the trial court correctly admitted this evidence: the pretrial identification processes were not so impermissibly suggestive to give rise to a substantial likelihood of an unreliable or incorrect identification.

▮▮▮ Zani's attorney was not allowed to be present when the State conducted interviews during Magonye, Jr.'s hypnotic session. While a defendant has the right to counsel under the sixth amendment to the United States Constitution when confronted, such as in a line-up or in trial, the extent of this right depends on whether he requires the aid of counsel in coping with legal problems or in meeting his adversary. *United States v. Ash,* 413 U.S. 300, 93 S.Ct. 2568, 37 L.Ed.2d 619 (1973). The right to counsel is not guaranteed or required at a pretrial photographic identification display in which the defendant's photograph appears. *Garcia v. State,* 626 S.W.2d 46 (Tex.Cr.App.1981); *Green v. State,* 510 S.W.2d 919 (Tex.Cr.App.1974). An identification of the defendant through a hypnotic session is similar to a photographic identification in that the defendant is neither present nor required to make a statement. Therefore, a defendant is not entitled to have an attorney present during a State-conducted hypnotic session involving a nondefendant witness.

▮▮▮ Zani moved for a mistrial because he was deprived of the right to cross-examine and confront Jerry Magonye, Sr. when the State played the entire tape recording of Magonye, Sr.'s hypnotic session to the jury. Magonye, Sr. did not testify at trial. Zani made a general objection that hypnosis is inadmissible and renewed objections which dealt only with the admissibility of hypnotic testimony. No objection concerned hearsay or the denial of the right to cross-examine and confront Magonye, Sr. While a tape recording of a hypnotic session is normally inadmissible as hearsay, review of the error is waived if no proper objection is made. *Darland v. States v. Valdez,* 722 F.2d 1196 (5th Cir.1984).

---

1. These factors distinguish this case from *United*

*State,* 582 S.W.2d 452 (Tex.Cr.App.1979); *Harris v. State,* 565 S.W.2d 66 (Tex.Cr. App.1978); *Zillender v. State,* 557 S.W.2d 515 (Tex.Cr.App.1977). A specific objection raised on appeal will not be considered if it varies from the specific objection made at trial. *Carrillo v. State,* 591 S.W.2d 876 (Tex.Cr.App.1979); *Gonzalez v. State,* 647 S.W.2d 369 (Tex.App.-Corpus Christi 1983, no pet.). Zani waived review of the admissibility of the tape and the right to cross-examine Magonye, Sr.

■■■■■■ Zani claims the handgun was unlawfully seized by Mexican officials in violation of the fourth and fourteenth amendments to the United States Constitution and the search and seizure laws of Texas, and was therefore inadmissible. Fourth amendment rights are generally inapplicable to an action by a foreign sovereign in its own territory enforcing its own laws, even though American officials are present and cooperating to some degree. *Government of Canal Zone v. Sierra,* 594 F.2d 60 (5th Cir.1979); *Birdsell v. United States,* 346 F.2d 775 (5th Cir.), *cert. denied,* 382 U.S. 963, 86 S.Ct. 449, 15 L.Ed.2d 366 (1965). State and federal search and seizure laws become applicable to foreign searches and seizures only when (1) the search and seizure are so extreme as to shock the judicial conscience; (2) American law enforcement officers actively participate in it; or (3) the foreign authorities are agents for the United States. *United States v. Morrow,* 537 F.2d 120 (5th Cir. 1976). We find none of these circumstances exist in this case. The trial court did not err in admitting the weapon.

■■■■■■ A Mexican law enforcement officer testified, over objection, that he previously arrested Zani and confiscated Zani's handgun from him. He made no reference to any criminal charges. Evidence of other crimes committed by the accused may be admitted when the evidence is both material and relevant to a contested issue. Its probative value must outweigh its inflammatory aspects, *Johnson v. State,* 650 S.W.2d 784 (Tex.Cr.App.1983); *Davis v. State,* 645 S.W.2d 288 (Tex.Cr.App.1983);

*Rodriguez v. State,* 646 S.W.2d 539 (Tex. App.—Houston [1st Dist.] 1982, no pet.), so that the introduction of the extraneous matter alone does not contribute to the jury's determination of guilt and punishment. *Gant v. State,* 649 S.W.2d 30 (Tex. Cr.App.1983); *Ruiz v. State,* 579 S.W.2d 206 (Tex.Cr.App.1979). When an offense or transaction is so blended or closely interwoven with the case on trial proof of all the facts is proper. Events do not occur in a vacuum and the jury should hear what occurred immediately prior to, during, and after the act so they can realistically evaluate the evidence. *Mitchell v. State,* 650 S.W.2d 801 (Tex.Cr.App.1983). Under the circumstances in this case, the officer's testimony is material and relevant to establish that Zani had possession of the handgun when it was confiscated and to establish the chain of custody and the admissibility of the handgun. In view of the entire record, we find that the admission of this testimony is more probative than prejudicial.

■■■■■■ Zani contends the trial court admitted hearsay statements into evidence. A police officer testified that Zani and Robert Riggs apparently spoke together prior to the murder, but did not testify about the contents of the conversation. An extra-judicial statement offered for the purpose of showing that a conversation occurred, rather than for the truth of the matter, is not hearsay. *Porter v. State,* 623 S.W.2d 374 (Tex.Cr.App.1981), *cert. denied,* 456 U.S. 965, 102 S.Ct. 2046, 72 L.Ed.2d 491 (1982); *Nixon v. State,* 587 S.W.2d 709 (Tex.Cr. App.1979); *Gholson v. State,* 542 S.W.2d 395 (Tex.Cr.App.1976), *cert. denied,* 432 U.S. 911, 97 S.Ct. 2960, 53 L.Ed.2d 1084 (1977). The matter is not hearsay and is admissible.

■■■■■■ Zani complains the prosecution commented on his failure to testify. During final argument Zani's attorney told the jury that no real reason existed for Zani to testify and told them why the attorneys did not want Zani to testify. In response, the prosecutor argued there were many reasons for Zani to testify. The State's argu-

**152**

ments were invited by the defense. Zani may not argue to the jury why he did not testify and then complain when the State responds. *Meador v. State*, 113 Tex.Cr.R. 357, 23 S.W.2d 382 (1929); *see also Porter v. State*, 601 S.W.2d 721 (Tex.Cr.App.1980); *Broussard v. State*, 505 S.W.2d 282 (Tex. Cr.App.1974); *Carraway v. State*, 642 S.W.2d 218 (Tex.App.—Houston [14th Dist.] 1982, no pet.). The State's replies were reasonable statements based on the evidence and were within the scope of argument invited by the defendant. *See Johnson v. State*, supra.

█ The trial court properly refused Zani's requested jury instruction limiting the effect of the hypnosis testimony. The court's charge included standard language that the jury has the sole duty to determine the weight and credibility of the evidence in determining their findings of facts. The refused charge is adequately included in the charge given: the trial court did not err. *See Davis v. State*, 651 S.W.2d 787 (Tex.Cr.App.1983); *Viduarri v. State*, 626 S.W.2d 749 (Tex.Cr.App.1981); *United States v. Harrelson*, 705 F.2d 733 (5th Cir. 1983). Furthermore, if given, the requested instruction would have constituted a comment on the weight of the evidence. *See Buxton v. State*, 646 S.W.2d 445 (Tex. Cr.App.1983).

█ Zani complains that because one or two jurors fell asleep during the trial he was denied due process. However, Zani's attorneys made no objection or brought it to the court's attention during the trial. Error not properly preserved by objection during trial is waived and not subject to appellate review. *Crocker v. State*, 573 S.W.2d 190 (Tex.Cr.App.1978). And, the record of the hearing on the motion for new trial reflects that a fact issue existed as to whether any jurors were asleep. The nonexistence of jury misconduct was determined by the trial court; therefore, there was no abuse of discretion. *Moreno v. State*, 587 S.W.2d 405 (Tex.Cr. App.1979). Further, after reviewing the record we find no showing that any substantial right of Zani has been prejudiced;

Zani was not denied a fair and impartial trial. *See Munroe v. State*, 637 S.W.2d 475 (Tex.Cr.App.1982); *State v. Kimmel*, 448 P.2d 19 (Kan.1968); *State v. Jones*, 187 Kan. 496, 357 P.2d 760 (1960).

We affirm the trial court's judgment.