NO. 07-06-0354-CR and 07-06-0369-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 2, 2008


______________________________



JOHNNY LEWIS MONK, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 51,457-A, 51,456-A; HONORABLE HAL MINER, JUDGE


_______________________________




Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION


 Appellant, Johnny Lewis Monk, appeals his convictions for the offenses of
aggravated sexual assault of a child and indecency with a child and sentences of 45 years
and 15 years, respectively, incarceration in the Institutional Division of the Texas
Department of Criminal Justice. Appellant's sole issue is whether a comment made by the
trial court during voir dire denied appellant due process of law. We affirm.


Background

 Appellant was charged with the above-identified offenses. On motion of the State,
the causes were consolidated for trial. Prior to trial, appellant made an election to have the
jury assess punishment in each cause, should they convict him. During voir dire, the State
questioned the venire panel extensively regarding whether they could consider the full of
range of punishment for the offenses alleged. After a few potential jurors indicated that
they might have a problem doing so, the trial court made the following statement to the
panel:

Ladies and gentlemen, what she [the prosecutor] is trying to explain is this. 
You can't serve on this jury unless you can at least just say you will consider
the full range of punishment. You don't have to commit to any of it now, and
you just have to tell her, yes, I can consider the full range of punishment
theoretically in a case of this nature. That's all you have to be able to do.Appellant did not object to the trial court's statement. Further, appellant's trial counsel
made no inquiry into the jury panel's ability to consider the full range of punishment during
voir dire.

 By his appeal, appellant contends that the above-quoted statement by the trial court
"effectively instructed the prospective jurors how to avoid elimination from the jury" and
"denied Appellant a fair trial because jury panel members who were unwilling to consider
the minimum punishment were unable to be disqualified . . . ." We conclude that, to
preserve error, if any, in regard to the trial court's statement, appellant was obligated to
make a timely objection. Because he failed to do so, nothing is presented for our review.

Analysis

 Appellant acknowledges that he failed to object to the challenged statement of the
trial court, but he maintains that the statement was fundamental error for which an
objection is not required. 

 As a general rule, to preserve a complaint for appellate review, a party must have
made a timely objection to the trial court and obtained a ruling on the objection. Tex. R.
App. P. 33.1; Munoz v. State, 485 S.W.2d 782, 784 (Tex.Crim.App. 1972). Failure to
object to a trial court's statement during voir dire results in error not being preserved for
appellate review. See Rodriguez v. State, No. 07-97-0453-CR, 1999 Tex.App. LEXIS
3870, at *4 (Tex.App.-Amarillo May 24, 1999, no pet.) (not designated for publication)
(citing Butler v. State, 872 S.W.2d 227, 240 (Tex.Crim.App. 1994)). However, remarks or
conduct of the trial court may be challenged on appeal if fundamentally erroneous, even
though no objection was raised. Id. (citing Brewer v. State, 572 S.W.2d 719, 721
(Tex.Crim.App. 1978)).

 Fundamental error is error that is so egregious and creates such harm that it
deprives the defendant of his right to a fair and impartial trial. Id. at *4-*5 (citing Almanza
v. State, 686 S.W.2d 157, 171 (Tex.Crim.App. 1984)). Egregious harm is presented when
the error made the case for conviction or punishment clearly and significantly more
persuasive. Saunders v. State, 817 S.W.2d 688, 692 (Tex.Crim.App. 1991). Generally,
an instruction to the jury to disregard a comment of the trial court is sufficient to cure error,
if any. See Marks v. State, 617 S.W.2d 250, 252 (Tex.Crim.App. 1981). However, error
is fundamental when the error is so egregious that it would be impossible to withdraw the
impression produced on the jury's minds even with an instruction to disregard. See
Rodriguez v. State, 646 S.W.2d 539, 542-43 (Tex.App.-Houston[1st Dist.] 1982, no writ). 
Thus, our review of whether the trial court's comment constituted fundamental error is
guided by whether the comments could have been cured by a jury instruction to disregard.

 In the present case, appellant contends that the statement made by the trial court
could be interpreted by the jury panel as an instruction on how to avoid elimination from
the jury, even if the prospective juror could not, in fact, consider the full range of
punishment for the offenses for which appellant was charged. Even were we to presume
that appellant's interpretation of the statement was how it was interpreted by the members
of the jury panel, (1) the error could have been easily cured by a clarification or an instruction
to disregard. However, because appellant failed to raise any objection to the statement,
the trial court was denied the opportunity to cure the error. (2) Thus, we do not find the trial
court's challenged statement to be so egregious or to have created such harm that it
deprived appellant of his right to a fair and impartial trial. Almanza, 686 S.W.2d at 157. 
Thus, appellant's failure to preserve error waives his claim of error and presents nothing
for our review. See Butler, 872 S.W.2d at 240.

Conclusion

 The comments of the trial court complained of on appeal do not constitute
fundamental error and were not preserved by timely objection. Accordingly, appellant's
issue is overruled and the judgment of the trial court is affirmed.


 

 Mackey K. Hancock

 Justice




Do not publish. 

1. "When there are two possible interpretations which can be given to the utterances
of a trial judge, we will not assume the worst and presume error." Tuttle v. State, No. 06-06-00251-CR, 2007 Tex.App. LEXIS 6468, at *7 (Tex.App.-Texarkana August 16, 2007,
no pet. h.) (not designated for publication) (citing State v. Ross, 32 S.W.3d 853, 857
(Tex.Crim.App. 2000)).
2. In addition, we note that any harm that may have been caused by the panel
misinterpreting the trial court's statement may have been cured even in the absence of a
clarification or instruction to disregard. During voir dire, had appellant inquired into the jury
panel's ability to consider the full range of punishment, any misunderstanding regarding
the jury's duty to consider the full range of punishment may have been discovered.


pter 21 of the
Code. The nearest offense defined under chapter 21 would be indecency with a child (§
21.011), which requires exposure or "sexual contact" defined as "touching of the anus,
breast, or any part of the genitals." Section 21.01(2) (defining sexual contact). At most,
the testimony established misdemeanor assault as defined in section 22.01(a)(3) of the
Penal Code. Also, assuming that the testimony concerning the second incident was
sufficient to establish the offense of indecency with a child, its admission would not violate
article 38.07 because Angelina did make an outcry to her mother. Appellant's first issue
is overruled.

 In his second issue, appellant contends that the trial court reversibly erred in failing
to charge the jury on the lesser-included offense of indecency with a child. Parenthetically,
the State does not deny that indecency with a child can be a lesser-included offense of
aggravated sexual assault. See Ochoa v. State, 982 S.W.2d 904, 908 (Tex.Crim.App.
1998). In response, the State initially argues that appellant failed to preserve his
complaint because his requested instruction was not sufficiently specific. The requested
instruction was as follows:

 Court: Any objections to the charge?

 Defense: We would request the lesser included offense of indecency with
a child.


 Court: Denied.


 Defense: And one more lesser included would be a simple assault.


 Court: Denied.



 Citing Reyes v. State, 910 S.W.2d 585, 592 (Tex.App.--Amarillo 1995, pet. ref'd),
and Jiminez v. State, 953 S.W.2d 293, 298 (Tex.App.--Austin 1997, pet. ref'd), the State
contends that to preserve error, appellant must have specified in his request which of the
alternative manners of committing the offense he wanted in the charge. We disagree.

 In Reyes, the trial objection was to the submission of a parties charge, while the
objection on appeal was that the evidence was insufficient to support the theory charged.
910 S.W.2d at 593. Because the appeal challenge was different from that made at trial,
we held it was insufficient to preserve the question. Id. However, Jiminez is factually
similar in that it also involved a charge of aggravated sexual assault and a request for a
charge on the lesser-included offense of indecency with a child. 953 S.W.2d at 298.
Jiminez held the trial court reversibly erred in refusing the charge because the objection
with accompanying argument was sufficiently specific to clearly identify to the trial court
the basis of the objection, even though a special requested charge was not tendered. Id.

 We do not agree with the State that these cases show the inadequacy of appellant's
request to preserve error. Reyes is distinguishable because the alleged error was not
preserved for appellate review because of the variance between the trial objection and the
appellate contention. No such discrepancy exists here. Also, although the Jiminez court
mentioned the argument supporting the objection there, the failure to present a supporting
trial argument here does not prevent the request from being sufficiently specific to inform
the trial court of the asserted charge deficiency.

 In criminal cases, requests and objections to the court's charge are governed by
article 36.14 of the Code of Criminal Procedure (Vernon 1981), and its requirements are
exclusive. (3) The statute requires that requests and objections to the court's charge be in
writing, but that requirement is met by an objection or request dictated into the record. Id. 
With regard to the necessary specificity of the request or objection, the Court of Criminal
Appeals has instructed "the objection must be specific and clear enough to apprize the trial
court of the nature of the objection." Pennington v. State, 697 S.W.2d 387, 390 (Tex.Crim.
App. 1985). Appellant's request was sufficient to meet this requirement.

 The seminal case discussing the standard for determining when a charge on a
lesser-included offense must be given is Royster v. State, 622 S.W.2d 442 (Tex.Crim.App.
1991). On original submission, the court quoted from Sansone v. U.S., 380 U.S. 343, 85
S.Ct. 1004, 13 L.Ed.2d 882 (1965), the comment that "a lesser-included offense instruction
is only proper where the charged greater offense requires the jury to find a disputed factual
element which is not required for conviction of the lesser-included offense." Royster, 622
S.W.2d at 444. On rehearing, the court reexamined the issue, and explicated a two-step
analysis to be used in determining when such an instruction was required. As explicated,
the analysis requires, first, the lesser-included offense must be included within the proof
necessary to establish the offense charged, and second, there must be some evidence
that if the defendant is guilty, he is only guilty of the lesser offense. Id. at 446. The
evidence must establish the lesser-included offense as a valid rational alternative to the
charged offense. Westbrook v. State, 29 S.W.3d 103, 113-14 (Tex.Crim.App. 2000), cert.
denied, 532 U.S. 944, 121 S.Ct. 1407, 149 L.Ed.2d 349 (2001). In Jiminez, the Austin
Court of Appeals noted, "an issue whether the defendant is guilty only of a lesser included
offense is raised if there is evidence that affirmatively rebuts or negates an element of the
greater offense, or if the evidence is subject to different interpretations, one of which
rebuts or negates the crucial element." Jiminez, 953 S.W.2d at 299 (citing Schweinle v.
State, 915 S.W.2d 17, 19 (Tex.Crim.App. 1996)). See also Tex. Code Crim. Proc. 37.09
(Vernon 1981).

 Supporting his proposition that a charge should have been given, appellant argues,
"the only distinguishing factor between the greater and lesser offense is the allegation of
penetration." Our evaluation of this argument requires that we examine the indictment and
the elements of both offenses. Tracking the elements of section 22.021, the indictment
alleged appellant 1) intentionally and knowingly 2) caused the penetration of AH's sexual
organ 3) by his sexual organ, and 4) she was younger than 14 years of age at the time. 
As relevant here, the elements of indecency with a child are that the actor 1a) engages in
sexual contact, defined to include touching the genitals of another person, or 1b) with
intent to gratify sexual desires, exposes his genitals or causes the victim to expose his or
her genitals, and 2) the victim is younger than 17. 

 Under section 22.021, a person can also commit aggravated sexual assault by
causing their sexual organ to contact the sexual organ of another. Tex. Pen Code Ann.
§ 22.021(a)(B)(iii) (Vernon 1994). Had the State alleged both means of committing
aggravated sexual assault, a dispute on the issue of penetration would not implicate the
lesser-included offense of indecency with a child. However, here, the State's decision to
allege on specific means of committing the greater offense limits it to obtaining a conviction
based on evidence of the conduct alleged. See Jacob v. State, 892 S.W.2d 905, 907
(Tex.Crim.App. 1995). Thus, under these facts, the element that distinguishes the offense
actually charged here from a lesser-included offense of indecency with a child is that of
penetration.

 As the Jiminez court noted, to be entitled to a lesser offense charge, there must be
evidence that affirmatively rebuts or negates an element of the greater offense. To satisfy
that test, appellant points to the testimony of the State's expert witnesses. Dr. Cliff Mishaw
said he performed an examination of AH and found no physical or psychological evidence
establishing or disproving sexual abuse. State's witness Dr. Margaret McNeese, who had
not examined AH, gave her expert opinion on the occurrence or non-occurrence of
physical evidence of penetration. She described a study involving female children whose
penetration had been established by admission or direct eyewitness testimony. In that
study, 70 percent of the children did not exhibit physical evidence of penetration.

 Appellant argues that the testimony of these two witnesses showed at least a 30
percent margin for error, which, he reasons, "raises a substantial question on the issue of
penetration." We disagree with that characterization of the evidence and that conclusion. 
The experts' testimony does not show that physical examinations have a significant margin
of error, but rather that a "normal" examination, namely, one that does not show evidence
of penetration, is of limited probative value. Here, there was direct evidence by AH of
penetration. The experts' testimony was to the effect that the absence of physical
evidence does not disprove penetration. Consequently, that evidence did not affirmatively
rebut or negate an element (penetration) of the greater offense. Jiminez, 953 S.W.2d at
299. That being true, appellant was not entitled to an instruction on the lesser-included
offense of indecency with a child. Appellant's second issue is overruled.

 In sum, both of appellant's issues are overruled and the judgment of the trial court
is affirmed. 


 John T. Boyd

 Senior Justice


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. Tex. Gov't Code Ann. § 75.002(a)(1) (Vernon Supp. 2002). 
2. Appellant, in his brief, repeatedly states there was no outcry. However, the record
is unequivocal otherwise. Angelina testified:


 A: . . . I pushed him away and told him I was going to tell my mom.


* * *
 

 Q: Did you tell your mom?


 A: Yes, I did.


Her testimony concerning the second incident included this colloquy:


 A: I was getting the box from the shelf and as I was lifting my hand, he
grabbed my breast in front of my mom and my mom saw.

 

* * *


 Q: What did your mom do when she saw that?


 A: My mom said he was drunk. 

3. The statute expressly provides "compliance with the provisions of this Article is all
that is necessary to preserve for review the exceptions and objections presented to the
charge . . . ."