NO. 07-06-0354-CR and 07-06-0369-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 2, 2008
_____

JOHNNY LEWIS MONK, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 51,457-A, 51,456-A; HONORABLE HAL MINER, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Johnny Lewis Monk, appeals his convictions for the offenses of aggravated sexual assault of a child and indecency with a child and sentences of 45 years and 15 years, respectively, incarceration in the Institutional Division of the Texas Department of Criminal Justice.  Appellant's sole issue is whether a comment made by the trial court during voir dire denied appellant due process of law.  We affirm.

Background

Appellant was charged with the above-identified offenses. On motion of the State, the causes were consolidated for trial. Prior to trial, appellant made an election to have the jury assess punishment in each cause, should they convict him. During voir dire, the State questioned the venire panel extensively regarding whether they could consider the full of range of punishment for the offenses alleged. After a few potential jurors indicated that they might have a problem doing so, the trial court made the following statement to the panel:

> Ladies and gentlemen, what she [the prosecutor] is trying to explain is this. You can't serve on this jury unless you can at least just say you will consider the full range of punishment. You don't have to commit to any of it now, and you just have to tell her, yes, I can consider the full range of punishment theoretically in a case of this nature. That's all you have to be able to do.

Appellant did not object to the trial court's statement. Further, appellant's trial counsel made no inquiry into the jury panel's ability to consider the full range of punishment during voir dire.

By his appeal, appellant contends that the above-quoted statement by the trial court "effectively instructed the prospective jurors how to avoid elimination from the jury" and "denied Appellant a fair trial because jury panel members who were unwilling to consider the minimum punishment were unable to be disqualified . . . ." We conclude that, to preserve error, if any, in regard to the trial court's statement, appellant was obligated to make a timely objection. Because he failed to do so, nothing is presented for our review.

2

Analysis

Appellant acknowledges that he failed to object to the challenged statement of the trial court, but he maintains that the statement was fundamental error for which an objection is not required.

As a general rule, to preserve a complaint for appellate review, a party must have made a timely objection to the trial court and obtained a ruling on the objection.  TEX. R. APP. P. 33.1; Munoz v. State, 485 S.W.2d 782, 784 (Tex.Crim.App. 1972).  Failure to object to a trial court's statement during voir dire results in error not being preserved for appellate review.  See Rodriguez v. State, No. 07-97-0453-CR, 1999 Tex.App. LEXIS 3870, at *4 (Tex.App.–Amarillo May 24, 1999, no pet.) (not designated for publication) (citing Butler v. State, 872 S.W.2d 227, 240 (Tex.Crim.App. 1994)).  However, remarks or conduct of the trial court may be challenged on appeal if fundamentally erroneous, even though no objection was raised.  Id. (citing Brewer v. State, 572 S.W.2d 719, 721 (Tex.Crim.App. 1978)).

Fundamental error is error that is so egregious and creates such harm that it deprives the defendant of his right to a fair and impartial trial.  Id. at *4-*5 (citing Almanza v. State, 686 S.W.2d 157, 171 (Tex.Crim.App. 1984)). Egregious harm is presented when the error made the case for conviction or punishment clearly and significantly more persuasive.  Saunders v. State, 817 S.W.2d 688, 692 (Tex.Crim.App. 1991).  Generally, an instruction to the jury to disregard a comment of the trial court is sufficient to cure error, if any.  See Marks v. State, 617 S.W.2d 250, 252 (Tex.Crim.App. 1981).  However, error

is fundamental when the error is so egregious that it would be impossible to withdraw the impression produced on the jury's minds even with an instruction to disregard. See Rodriguez v. State, 646 S.W.2d 539, 542-43 (Tex.App.–Houston[1st Dist.] 1982, no writ). Thus, our review of whether the trial court's comment constituted fundamental error is guided by whether the comments could have been cured by a jury instruction to disregard.

In the present case, appellant contends that the statement made by the trial court could be interpreted by the jury panel as an instruction on how to avoid elimination from the jury, even if the prospective juror could not, in fact, consider the full range of punishment for the offenses for which appellant was charged. Even were we to presume that appellant's interpretation of the statement was how it was interpreted by the members of the jury panel,[1] the error could have been easily cured by a clarification or an instruction to disregard. However, because appellant failed to raise any objection to the statement, the trial court was denied the opportunity to cure the error.[2] Thus, we do not find the trial court's challenged statement to be so egregious or to have created such harm that it deprived appellant of his right to a fair and impartial trial. Almanza, 686 S.W.2d at 157.

---

[1] "When there are two possible interpretations which can be given to the utterances of a trial judge, we will not assume the worst and presume error." Tuttle v. State, No. 06-06-00251-CR, 2007 Tex.App. LEXIS 6468, at *7 (Tex.App.–Texarkana August 16, 2007, no pet. h.) (not designated for publication) (citing State v. Ross, 32 S.W.3d 853, 857 (Tex.Crim.App. 2000)).

[2] In addition, we note that any harm that may have been caused by the panel misinterpreting the trial court's statement may have been cured even in the absence of a clarification or instruction to disregard. During voir dire, had appellant inquired into the jury panel's ability to consider the full range of punishment, any misunderstanding regarding the jury's duty to consider the full range of punishment may have been discovered.

4

Thus, appellant's failure to preserve error waives his claim of error and presents nothing for our review.  See  Butler, 872 S.W.2d at 240.

Conclusion

The comments of the trial court complained of on appeal do not constitute fundamental error and were not preserved by timely objection.  Accordingly, appellant's issue is overruled and the judgment of the trial court is affirmed.


Mackey K. Hancock
Justice


Do not publish.