# NO. 12-08-00023-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JAMIE LYNN BABBS,* *APPELLANT* | § | *APPEAL FROM THE THIRD* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Jamie Lynn Babbs appeals his sentences following his convictions for sexual assault of a child, prohibited sexual conduct, and indecency with a child. Appellant raises two issues on appeal. We affirm.

### BACKGROUND

Appellant was charged by indictment with separate counts of sexual assault of a child, prohibited sexual conduct,[1] and indecency with a child. Appellant pleaded "guilty" to each charged offense, and the matter proceeded to a jury trial on punishment. Following the trial on punishment, the parties made their respective jury arguments. During the State's jury argument, the prosecuting attorney argued that the victim would have to suffer with the knowledge that she had an abortion. The prosecuting attorney further argued that the victim's unborn child was among Appellant's victims. Ultimately, the jury assessed Appellant's punishment at imprisonment for twenty years for sexual assault of a child, imprisonment for ten years for prohibited sexual conduct, and imprisonment for fifteen years for indecency with a child. The trial court sentenced Appellant accordingly, and this appeal followed.

---

[1] Specifically, with regard to this count, the indictment alleged that Appellant intentionally or knowingly engaged in sexual intercourse with the victim, a person Appellant knew to be, without regard to legitimacy, his half sister.

## FACTUAL SUFFICIENCY OF PUNISHMENT EVIDENCE

As part of his first issue, Appellant argues that the evidence is factually insufficient to support the sentences he received. A review of the evidence for factual sufficiency is inappropriate with respect to the assessment of punishment. *See Bradfield v. State*, 42 S.W.3d 350, 351 (Tex. App.–Texarkana 2001, pet. ref'd); *Kanouse v. State*, 958 S.W.2d 509, 510 (Tex. App.–Beaumont 1998, no pet.); *Flores v. State*, 936 S.W.2d 478, 479 (Tex. App.–Eastland 1996, pet. ref'd). Hence, we decline to conduct a factual sufficiency review of the evidence on punishment. Appellant's first issue is overruled in part.

## CRUEL AND UNUSUAL PUNISHMENT

In the remainder of his first issue, Appellant contends that the sentences imposed on him are disproportionate to the respective crimes for which he was convicted and that his sentence violated the cruel and unusual punishment clause of the United States Constitution. *See* U.S. CONST. amend. VIII; *see also* TEX. CONST. art I, § 13. However, Appellant made no timely objection to the trial court raising the issue of cruel and unusual punishment and has, therefore, waived such an issue on appeal. *See Willis v. State*, 192 S.W.3d 585, 595–97 (Tex. App.–Tyler 2006, pet. ref'd); *see also* TEX. R. APP. P. 33.1.

However, even absent waiver, we conclude that Appellant's sentences did not constitute cruel and unusual punishment. Appellant was convicted of sexual assault of a child. *See* TEX. PENAL CODE ANN. § 22.011(c)(2)(A) (Vernon Supp. 2008). The punishment for such an offense is a term of imprisonment ranging between two and twenty years. *See* TEX. PENAL CODE ANN. §§ 12.33, 22.011(f) (Vernon 2003 & Supp. 2008). Appellant was further convicted of prohibited sexual conduct. *See* TEX. PENAL CODE ANN. § 25.02(a)(4) (Vernon Supp. 2008). The punishment for such an offense is a term of imprisonment ranging between two and ten years. *See* TEX. PENAL CODE ANN. §§ 12.34(a), 25.02(c) (Vernon 2003 & Supp. 2008). Moreover, Appellant was convicted of indecency with a child. *See* TEX. PENAL CODE ANN. § 21.11(a)(1) (Vernon 2003). The punishment for such an offense is a term of imprisonment ranging between two and twenty years. *See* TEX. PENAL CODE ANN. §§ 12.33(a), 21.11(d) (Vernon 2003). Here, the sentences imposed by the trial court fall within the range set forth by the legislature. *Id.* Therefore, the punishments are not

2

prohibited as cruel, unusual, or excessive per se. *See* ***Harris v. State***, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); ***Jordan v. State***, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); ***Davis v. State***, 905 S.W.2d 655, 664 (Tex. App.–Texarkana 1995, pet. ref'd).

Nonetheless, we have considered the threshold question of whether Appellant's sentence is grossly disproportionate to the crime. *See, e.g.,* ***McGruder v. Puckett***, 954 F.2d 313, 316 (5th Cir.), *cert. denied*, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992); *see also* ***Jackson v. State***, 989 S.W.2d 842, 845–46 (Tex. App.–Texarkana 1999, no pet.); *see also* ***Harmelin v. Michigan***, 501 U.S. 957, 1005, 111 S. Ct. 2680, 2707, 115 L. Ed. 2d 836 (1991); ***Solem v. Helm***, 463 U.S. 277, 298–300, 103 S. Ct. 3001, 3013–15, 77 L. Ed. 2d 637 (1983). In conducting our analysis, we are guided by the holding in ***Rummel v. Estelle***, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980), in which the Supreme Court upheld the petitioner's mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction of obtaining $120.75 by false pretenses. ***Id.***, 445 U.S. at 266, 100 S. Ct. at 1135. The offenses committed by Appellant—sexual assault of a child, prohibited sexual conduct, and indecency with a child—are each far more serious than any of the offenses committed by the appellant in ***Rummel***. Moreover, Appellant's sentences are each far less severe than the life sentence upheld by the Supreme Court in ***Rummel***. Thus, it follows that if the sentence in ***Rummel*** was not unconstitutionally disproportionate, then neither are the sentences assessed against Appellant in the case at hand. Therefore, since we do not find the threshold test to be satisfied, we need not apply the remaining elements of the ***Solem*** test.[2] The remainder of Appellant's first issue is overruled.

### IMPROPER JURY ARGUMENT

In his second issue, Appellant argues that the State's comments in its closing argument that the victim had undergone an abortion amounted to reversible error. Appellant concedes that he did not make a proper and timely objection to the prosecutor's jury argument, but contends that we

---

[2] Under this test, the proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. ***Solem***, 463 U.S. at 292, 103 S. Ct. at 3011.

should consider the issue as one of fundamental error.[3]

There are four permissible areas of jury argument: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) answer to argument of opposing counsel; and (4) pleas for law enforcement. *Felder v. State*, 848 S.W.2d 85, 94–95 (Tex. Crim. App. 1992); *Dickerson v. State*, 866 S.W.2d 696, 698 (Tex. App.–Houston [1st Dist.] 1993, pet. ref'd). Counsel may draw all inferences from the record that are "reasonable, fair, and legitimate." *Allridge v. State*, 762 S.W.2d 146, 156 (Tex. Crim. App. 1988).

We will first consider whether the prosecutor's statement was impermissible. During the trial on punishment, the victim testified that she had made the decision to abort the baby. The victim further testified that she felt "horrible" about it. Appellant failed to object to any of the victim's testimony concerning her abortion. As such, we conclude that the prosecuting attorney's jury arguments that (1) the victim would have to suffer with the knowledge that she had an abortion and (2) the victim's unborn child was among Appellant's victims was both a summation of the evidence and a reasonable deduction from the evidence or, otherwise, reasonable, fair, and legitimate inferences drawn from the record. Therefore, we hold that these arguments fell within the realm of permissible jury argument. Appellant's second issue is overruled.

## DISPOSITION

Having overruled Appellant's first and second issues, we *affirm* the trial court's judgment.

   **JAMES T. WORTHEN**
Chief Justice

Opinion delivered January 30, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

---

[3] We construe Appellant's argument liberally in the interest of justice to state that neither a timely objection nor an adverse ruling is required to preserve the error for review if an argument is so prejudicial that an instruction to disregard the argument could not cure the harm, or, in other words, if the argument was clearly calculated to inflame the minds of the jurors and its impression cannot be withdrawn from their minds. *Harris*, 784 S.W.2d at 12 n.5; *Rodriquez v. State*, 646 S.W.2d 539, 542-43 (Tex. App.–Houston [1st Dist.] 1982, no pet.). Even if the argument exceeds the bounds of proper jury argument and an instruction to disregard could not cure the harm, it is not reversible error unless, in light of the record as a whole, the argument is extreme or manifestly improper, violates a mandatory statute, or injects new facts that are harmful to the accused into the trial. *Felder*, 848 S.W.2d at 95; *Dickerson*, 866 S.W.2d at 699.